[Civ. No. 369.   Second Appellate District.—March 28, 1907.]

## LYDIA M. JOHN, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, etc., Respondent.

DIVORCE—INTERLOCUTORY JUDGMENT—DISPOSITION OF HOMESTEAD ON SEPARATE PROPERTY—JURISDICTION.—Where the complaint by the husband for divorce alleged the selection of a homestead on the separate property of the husband therein described, the court had jurisdiction, and it was its duty, under section 131 of Civil Code, at the time of the hearing and granting of the interlocutory judgment that plaintiff is entitled to a divorce, to hear and determine the issue tendered as to the title to the homestead property, and to include in the interlocutory judgment an assignment of the homestead to the husband, as its former owner, in pursuance of sections 146 and 147 of the Civil Code.

ID.—RIGHT TO FINAL JUDGMENT—DEATH OF PLAINTIFF PENDING MOTIONS.—Where, after the lapse of the year without appeal, the plaintiff properly moved for a final judgment, the death of the plaintiff pending the disposition of the motion and of countermotions of the defendant relating to the question of property rights did not impair the power of the court to render final judgment for the plaintiff, under the express provisions of section 132 of the Civil Code and of section 669 of the Code of Civil Procedure.

APPLICATION for a writ of review to annul a judgment of the Superior Court of Los Angeles County. D. K. Trask, Judge.

The facts are stated in the opinion of the court.

T. M. Stewart, for Petitioner.

H. C. Lawson, for Respondent.

SHAW, J.—This is an application for writ of *certiorari*.

In an action for divorce brought by Joseph S. John, against the petitioner, Lydia M. John, it was alleged that certain real property therein described was the separate property of the plaintiff in said action and that plaintiff had declared a homestead thereon. The default of the defendant was duly entered, followed on January 31, 1905, by an interlocutory judgment, whereby it was adjudged that plaintiff was entitled to

a divorce, and that the homestead set out in the complaint
was the separate property of the plaintiff and should be set
aside and awarded to him.   Nearly one year after the entry
of this judgment the defendant, who is petitioner here, inter-
posed certain motions having for their object the reopening of
the case so far as it disposed of the real estate, all of which
motions were denied, and on May 26, 1906, and after the death
of the plaintiff, Joseph S. John, which occurred March 8,
1906, the court rendered its final decree in accordance with
the interlocutory judgment and decision had upon the trial
of the case.

Petitioner contends: 1. That that part of the interlocutory
judgment adjudging the real property to be the separate estate
of the plaintiff was and is in excess of the jurisdiction of the
court; 2. That the final decree, by reason of the fact that it
was rendered after the death of Joseph S. John, the plaintiff
in said action, was and is void.   Neither position is tenable.
It appears from the complaint that certain real estate therein
described constituted the homestead of the parties, and it was
alleged that the said real estate so homesteaded was the
separate property of the plaintiff.   Section 147, Civil Code,
requires that "the court, rendering a decree of divorce,
must make such order for the disposition of the . . . home-
stead, as in this chapter provided."   And section 146, Civil
Code, provides: "In case of the dissolution of the marriage,
. . . the homestead shall be assigned as follows: . . . 4. If a
homestead has been selected from the separate property of
either, it shall be assigned to the former owner of such prop-
erty. . . . "

It clearly appears from the above-quoted provisions of the
code that it was the duty of the court to determine whether or
not the real estate described in the complaint was the separate
property of the plaintiff as therein alleged.   It was an issue
in the case, and section 131, Civil Code, contemplates that all
issues embraced in the pleadings shall be tried and determined
at the time when, and upon the trial wherein, the court de-
termines whether or not "the divorce ought to be granted."
It is at this time that the court is required to "file its decision
and conclusions of law as in other cases," and this decision
must respond to all the issues involved in the action.   (*Glass
v. Glass*, 4 Cal. App. 604, [88 Pac. 734].)   In this case, one
of the issues was whether or not the real property upon which

the homestead was impressed was the separate property of the plaintiff. Section 132 gives the court the power of its own motion to enter final judgment at the expiration of one year from the entry of the interlocutory judgment; and the fact that this authority is given the court would seem to exclude the idea that a trial was contemplated at the time of entering this last judgment. It has been said that there are three parties to an action for the dissolution of the bonds of matrimony; that the state, by reason of its interest in maintaining the marriage relation, is an interested third party. (*De Yoe* v. *Superior Court,* 140 Cal. 482, [98 Am. St. Rep. 73, 74 Pac. 28].) The real parties are not allowed to control the subject of the action as they may dispose of property rights. "The legislature has complete control of the subject, and may impose whatever restrictions or delays it pleases, either in regard to the time for beginning the action, or the method and order of procedure after the action is begun." (*Grannis* v. *Superior Court,* 146 Cal. 256, [106 Am. St. Rep. 23, 79 Pac. 891].) And it may likewise, upon a dissolution of the marriage, when the property rights of the parties to a divorce suit are involved, require that such rights and property interests shall be determined by the court at the time when the court determines whether "the divorce ought to be granted." The decision of the court, both as to the granting of the divorce and the disposition of the property, is subject to review on appeal; and certainly it was never intended that there should be a delay of a year, or possibly a longer period in case of an appeal from an interlocutory judgment, and then another trial as to issues involving the property rights of the parties, followed by the delay of another appeal from a decision of the court thereon and judgment disposing of the same.

It appears that at the expiration of the year the plaintiff made a motion for final judgment. This was opposed by the defendant, and pending the disposition of defendant's motions, the plaintiff died, and final judgment was not entered until May 26th. His death, according to the express provisions of section 132, Civil Code, did not impair the power of the court to enter final judgment. Section 669, Code of Civil Procedure, provides that if a party die after a verdict or decision upon any issue of fact, and before judgment, the court may nevertheless render judgment thereon. There had

been a decision of all the issues of fact at the time of entering the interlocutory judgment, and both section 132, Civil Code, and section 669, Code of Civil Procedure, constitute authority for the action taken by the court in this case.

The application is denied.

Allen, P. J., and Taggart, J., concurred.