[S. F. No. 13604. In Bank.—July 15, 1930.]

GWYNETH HELBUSH, Appellant, v. HERMAN H. HELBUSH, Respondent.

Harry I. Stafford and George Clark for Appellant.

Dudley D. Sales, Sullivan & Barry and Theo. J. Roche and Roger Marchetti for Respondent.

SHENK, J.—This is an appeal from an order denying a motion to set aside a final decree of divorce.

Plaintiff and defendant were married on March 9, 1923. On January 18, 1924, the plaintiff commenced an action

against the defendant for divorce on the ground of extreme cruelty and an interlocutory decree was entered in her favor on June 27, 1924. On January 11, 1929, the plaintiff filed with the clerk of the court in which the interlocutory decree had been entered an objection to the granting of a final decree on the ground that the parties to the action had been reconciled and had since the date of the interlocutory decree lived together as husband and wife. On February 1, 1929, the plaintiff filed a notice of motion in said court to set aside the interlocutory decree on the grounds: (1) That the interests of justice required that said order be made; (2) that the parties had theretofore agreed that said interlocutory decree be set aside; and (3) that since the entry of the interlocutory decree the plaintiff and the defendant had become reconciled and for a long period had resumed the relation of husband and wife. Affidavits and counter-affidavits were presented to the court on the hearing of said motion. On behalf of the defendant it was made to appear by affidavit that when the interlocutory decree was granted the plaintiff was residing in the city and county of San Francisco and the defendant in the city of Los Angeles; that within about a month after the entry of the interlocutory decree the plaintiff, without conferring with or obtaining the consent of the defendant, went to Los Angeles, moved her belongings to and took up her abode at the residence of the defendant, and thereafter during the time that the parties resided together the plaintiff informed the defendant on several occasions that she could obtain a final decree of divorce whenever she desired but that the defendant could not. Upon the hearing of the motion the application to set aside the interlocutory decree was denied.

Thereafter the defendant, with one of his attorneys, appeared before the judge before whom the divorce action had been tried and made an *ex parte* application for a final decree of divorce. Upon the application the attorney for the defendant disclosed to the judge that the defendant could not make the affidavit provided for in Rule XXVI governing the practice and procedure in Superior Courts for the reason that the parties had lived and cohabited together since the granting of the interlocutory decree; that the defendant had permitted the plaintiff to resume marital

relations with him on condition that the plaintiff would reform her conduct with respect to consorting with other men and otherwise conduct herself as a dutiful and loving wife; that over almost the entire period after the granting of the interlocutory decree and up to the fourth day of January, 1929, the plaintiff had associated with and on occasions too numerous to mention had sexual relations with other men; that the parties had never become permanently reconciled; that they finally separated on January 4, 1929, and that thereafter the plaintiff had commenced a suit for separate maintenance against the defendant in Los Angeles County and had applied for and had been denied the aforementioned order to set aside the interlocutory decree of divorce. Thereupon, and on April 10, 1929, said judge signed and caused to be entered a final decree of divorce. On the following day the plaintiff filed a notice of motion to set aside the final decree on the ground that said decree had been procured through the fraud of some person or persons acting under, for and on behalf of the defendant other than the attorneys mentioned in the notice; that the parties had become reconciled within a few weeks after the entry of the interlocutory decree and had lived together for more than three years thereafter as husband and wife; that the final decree had been made and entered without the affidavit required by said Rule XXVI; that the application for the final decree had not been presented to the judge for his signature by the attorneys of record for the defendant, and that the entry of the final decree was a contemptuous fraud on the court for the reason that the records of said court showed that the parties had theretofore cohabited and become reconciled. On the hearing of the motion numerous affidavits and counter-affidavits were filed. The affidavits on behalf of the defendant, which the court had the right to believe, disclosed a course of immorality, dissipation and deception on the part of the plaintiff before and after the marriage of the parties and until their separation in January, 1929. It is unnecessary to engage in a recital of the sordid narrative of these affidavits. It is enough to say that the showing made on said hearing was not such as to move the conscience of the chancellor on behalf of the plaintiff, but, on the contrary, disclosed that the purpose of the plaintiff in seeking a reconciliation was not sincere nor in

good faith and was made for the purpose of benefiting her-self monetarily at the defendant's expense. We find no abuse of the court's discretion in denying the motion and the order must stand unless it be determined that the court had no power to enter, or committed reversible error in entering, the final decree in the absence of the affidavit re-quired by rule of court.

The rule invoked by the plaintiff was adopted by the Judicial Council pursuant to the authority of section 1a of article VI of the Constitution, which provides that the Judicial Council shall from time to time ''(5) Adopt or amend rules of practice and procedure for the several courts not inconsistent with laws that are now or that may hereafter be in force.'' The rule provides that ''before any final judgment of divorce shall be made or entered, the party making the application therefor, in person or by attorney, shall submit to the court, at the time of the motion for said final judgment, which motion may be made *ex parte*, an affidavit containing substantially the infor-mation provided for in the following form, or so much thereof as the court under the circumstances may require.'' Then follows the form prescribed, which includes in section 2 thereof the requirement of the statement ''that since the granting of said interlocutory judgment (a) said parties have not become reconciled; (b) said parties have not lived or cohabited together.'' The purpose of the rule obviously was to provide a protection to the parties to the action and particularly to the party not appearing when the appli-cation is made *ex parte* and to protect the court from inconsiderate action in granting the final decree either through inadvertence, or through the fraud or concealment on the part of the applicant for the final decree.

It is the plaintiff's contention that the making and filing of said affidavit was a condition precedent to the defend-ant's right to obtain and to the court's power to grant the final decree. The defendant contends first, that the rule in terms does not require or purport to require the filing of the affidavit as such a condition precedent and, secondly, that if the rule did so provide it would be ineffective for that purpose for the reason that it would then be incon-sistent with the right of the applicant to obtain and the power of the court to grant the final decree as provided

by section 132 of the Civil Code; that by the terms of the rule the court may dispense with any part of the prescribed affidavit and, if any part, then all may be dispensed with, in the discretion of the court.

Before the adoption of section 1a of article VI of the Constitution, rules of practice and procedure for the superior courts were adopted by those courts pursuant to section 129 of the Code of Civil Procedure. It was there provided that rules so adopted must be "not inconsistent with the laws of this State." ■ Rules of court are adopted to facilitate the business of the court and for the convenience of litigants. (*Shain* v. *People's Lumber Co.*, 98 Cal. 120 [32 Pac. 878]; *McCabe* v. *Healey*, 139 Cal. 30 [72 Pac. 359].) But "the acts necessary to give jurisdiction, as specified in an act of the legislature, cannot be added to or limited by a rule of court." (*Klokke Inv. Co.* v. *Superior Court*, 39 Cal. App. 717 [179 Pac. 728, 729]; *Wigman* v. *Superior Court*, 74 Cal. App. 132 [239 Pac. 427].)

■ Section 132 of the Civil Code provides that "When one year has expired after the entry of such interlocutory judgment, the court on motion of either party, or upon its own motion, may enter the final judgment granting the divorce . . ." The court has this power and it could not by its own rule under the old practice divest itself of that power. (*Connell* v. *Higgins*, 170 Cal. 541 [150 Pac. 769].) Although the rule now in question was promulgated under constitutional authority, the instrument which authorized it provides that the rule must be "not inconsistent with laws that are now or that may hereafter be in force," and it is subject to the rules of statutory construction. (*Hanson* v. *McCue*, 43 Cal. 178.) Section 132 of the Civil Code vests the right in either party to the divorce proceedings to move the court to enter a final decree of divorce upon the lapse of the specified time. A rule which operates to deprive a party of a statutory right is repugnant to the statute and therefore to that extent void. (*People* v. *McClellan*, 31 Cal. 101.) However, when there is no conflict with a legislative enactment the rule has the force of positive law so far as the rights of the parties are concerned. (*Brooks* v. *Union Trust etc. Co.*, 146 Cal. 134, 138 [79 Pac. 843].)

Does the rule deprive a party to the divorce action or the court of a statutory right or power? We think not. Nor does it appear to be inconsistent with the statute. Neither party has the right to a final decree and the court has no right to enter the same, except upon the existence of certain facts. When those facts exist the right to have the final decree entered accrues. How shall those facts be made to appear? Without the required affidavit the court must depend upon the oral representation of the party applying for the final decree or upon its own knowledge with reference thereto obtained either upon an investigation on its own account or under its direction. The rule provides the method by which the facts may be disclosed and it would seem to be a reasonable regulation to that end. No unreasonable hardship is placed upon the applicant to require that he make a showing of the essential facts in this manner. In any event, however, a violation of the rule does not affect the jurisdiction of the court to enter the final decree. By such violation the court may be acting in abuse of its power, but not in excess of it. (*White* v. *Superior Court,* 110 Cal. 60 [42 Pac. 480].)

 The question then is, Did the court so abuse its discretion in the present case as to constitute its action a reversible error or irregularity? It here appears that all of the facts with reference to the original divorce proceeding and the alleged reconciliation were before the judge of the trial court before he signed the final decree, including the fact that the applicant therefor could not subscribe to the fact that "said parties have not lived or cohabited together." In other words, the judge, when he signed the decree, was possessed of all the facts which the execution of the affidavit would have disclosed. Under these circumstances we find no error or irregularity requiring a reversal. By the terms of the rule the court has the power to dispense with so much of the affidavit as the circumstances seem to require. But it is not contemplated that under this discretionary power the court should dispense with the entire affidavit. The rule was made for a salutary purpose and should be complied with.

A failure to comply therewith would justify the trial court in setting aside the final decree. (*Callahan* v. *Hickey,* 63 Cal. 437.) Whether in a given case the disregard of the

rule would amount to a reversible error or irregularity would necessarily depend on the facts and circumstances of that particular case. In the present proceeding we find no such error or irregularity.

The order is affirmed.

Waste, C. J., Richards, J., Seawell, J., Curtis, J., Preston, J., and Langdon, J., concurred.

Rehearing denied.