[Civ. No. 2302.   Fourth Appellate District.—September 6, 1938.]

IDA A. DEIST, Plaintiff, v. THE FIRST NATIONAL BANK OF ORANGE (a Corporation), Respondent; A. I. FREY, Appellant.

A. I. Frey, *in pro. per.,* for Appellant.

Drumm, Tucker, Martel & Drumm for Respondent.

MARKS, J.—This is a motion to dismiss the appeal because the record on appeal was not filed within the time required by law.

The complaint of Ida A. Deist, the answer and cross-complaint of The First National Bank of Orange, and the judg-

ment in favor of the latter are not in the record. The only pleadings brought up are the cross-complaint of A. I. Frey, trustee, and the answer of The First National Bank of Orange to it.

It appears from the record that on January 21, 1936, The First National Bank of Orange recovered judgment against Ida A. Deist quieting its title to real property in Orange County; that on January 31, 1936, A. I. Frey, trustee, appeared by cross-complaint, seeking to establish an interest in the property involved in the original action; that an answer was filed to this cross-complaint; that the cause made by these pleadings was regularly set for trial for January 11, 1937; that on that day The First National Bank of Orange appeared ready for trial; that A. I. Frey, trustee, was not ready for trial and requested a continuance; that this continuance was granted and the cause reset for trial for April 1, 1937, on condition that A. I. Frey, trustee, pay to The First National Bank of Orange costs in the sum of $6.70; that such costs were not paid and A. I. Frey, trustee, refused to pay them; that on April 1, 1937, the parties were again in court and A. I. Frey, trustee, refused to pay any portion of such costs except the sum of $2.10; that, it then appearing to the trial judge that the condition upon which the continuance had been granted had and would not be complied with, the cross-complaint of A. I. Frey, trustee, was dismissed.

Judgment of dismissal was entered on April 6, 1937. Notice of entry of this judgment was given on April 13, 1937. Notice of appeal to this court was given on April 19, 1937. A clerk's and reporter's transcript, approved and certified on July 17, 1937, was received by the clerk of this court on July 19, 1937, without being accompanied by a filing fee. When the notice of motion to dismiss the appeal was filed the cause was transferred to the Supreme Court because of jurisdiction. It was retransferred here and the motion to dismiss came on for hearing on September 2, 1938. A. I. Frey, trustee, paid the filing fee on that date.

██ Rule I of the Rules for the Supreme Court and District Courts of Appeal require the filing of a typewritten transcript within forty days after it is "approved and certified as required by law". A transcript cannot be filed until the filing fee has been paid.

A similar situation was before the court in the case of *Silva* v. *Cooperative Dairymen's League,* 5 Cal. App. (2d) 294 [42 Pac. (2d) 370], where, in speaking of section one of rule V, Rules for the Supreme Court and District Courts of Appeal, it was said:

"It provides as follows: 'If the transcript of the record or appellant's points and authorities be not filed within the time prescribed, the appeal may be dismissed, upon notice given, either on motion of the respondent or of the court in which the appeal is pending. If the transcript, or the points and authorities, though not filed within the time prescribed, be on file at the time such *notice is given,* that fact shall be sufficient answer to the motion.' (Italics ours.) That rule has the force of positive law so far as the rights of the parties are concerned. (*Brooks* v. *Union Trust etc. Co.,* 146 Cal. 134 [79 Pac. 843]; *Helbush* v. *Helbush,* 209 Cal. 758, 763 [290 Pac. 18].) The rights of the defendant to have the appeal dismissed for the failure of the plaintiff to file his transcript within the time limited by the rules must be determined by the facts as they exist at the time the notice of motion is given and is not destroyed by the subsequent filing of a purported transcript. (*Shain* v. *People's Lumber Co.,* 98 Cal. 120 [32 Pac. 878]; *McCabe* v. *Healey,* 139 Cal. 30 [72 Pac. 359]; *Barnhart* v. *Conley,* 17 Cal. App. 230 [119 Pac. 200]; *Raisch Improvement Co.* v. *Arata,* 193 Cal. 573 [226 Pac. 399].)''

As the record in this case was not filed for one year and seven days after the legal time for filing it had expired it follows that the motion to dismiss must be granted.

Appeal dismissed.

Barnard, P. J., and Leonard, J., *pro tem.,* concurred.