[Civ. No. 3088.   Fourth Dist.   May 25, 1943.]

F. D. STRONG, Respondent, v. JOSEPH MACK et al., Defendants; C. J. NOVOTNY, Appellant.

C. J. Novotny in pro. per., for Appellant.

W. E. Starke for Respondent.

MARKS, J.—Respondent has moved to dismiss this appeal because appellant's opening brief was not filed within the

time specified in a stipulation. Appellant has moved to be relieved from default because his delay and neglect were excusable. Both motions are submitted for our decision.

The clerk's and reporter's transcripts on appeal were filed in the Supreme Court on October 13, 1942. The filing fee was paid. The cause was transferred here and the record filed on December 23, 1942. By stipulation appellants were given until April 1, 1943, to file their opening brief. The brief was not filed and the notice of motion to dismiss the appeal was filed on April 9, 1943, to be heard on May 11th.

Respondent relies on section 4, rule 1; and section 1, rule V, Rules of the Supreme Court and Districts Courts of Appeal, and the case of *Clinton* v. *Shaw*, (Cal.App.) 131 P.2d 58. A rehearing was granted in that case. The final opinion appears in 57 Cal.App.2d 630 [135 P.2d 172]. Since that decision the Supreme Court dismissed the appeal of the defendant in *Murphy* v. *Krumm*, 21 Cal.2d 846 [136 P.2d 8], for the reason that appellant Krumm failed to pay his filing fee and to file his opening brief for more than six months after the record was filed.

This court has dismissed appeals where the appellant failed to pay the filing fee for over a year after it was due, (*Deist* v. *First National Bank of Orange*, 28 Cal.App.2d 379 [82 P.2d 630]), but has consistently declined to dismiss them for delays in filing the opening brief, especially where no appreciable delay in hearing the appeal had been caused. Since the decision in *Murphy* v. *Krumm*, *supra*, we must abandon our former policy on motions to dismiss as the Supreme Court has held that the rules of court have the effect of law and must be followed. Therefore, unless appellant has shown sufficient excuse for delay, his appeal must be dismissed.

There have been no hard and fast rules laid down to govern the action of courts on motions to relieve from default. Each case must be decided on its own merits according to the facts developed at the hearing. Such motions are usually considered as being addressed to the sound discretion of the court before which the motion is made. Appellant has filed an affidavit in support of his motion, but there are other circumstances which should be considered in order that substantial justice may be done.

This court has consistently refused to dismiss ap-

peals where the appellant's opening brief was filed after the notice of motion was given and before the motion to dismiss was made in open court or, where the appellant presented what appeared to be a reasonable excuse for the delay and where no appreciable delay had been occasioned in the hearing of the case. Thus the court itself must share some of the responsibility for some of the delay in filing some briefs because of its mistaken interpretation of the rules in question, as directory instead of mandatory. This mistaken interpretation has come to be regarded as a rule of practice here as well as in some other District Courts of Appeal, and its abandonment without warning will cause innocent clients to be deprived of their day in court because their counsel may have relied upon it. The Supreme Court took a liberal view of a change in procedure made by repeal of a statute and the adoption of a rule of court which was not followed by an appellant. That court refused to dismiss his appeal, holding that the cause should be heard on its merits. Thus we are not without eminent authority for liberality in ruling on the motion to be relieved from default. (*People* v. *Bryant*, 207 Cal. 450 [278 P. 1025].)

One of the reasons for liberality in the ruling of this court is because of the geographical situation of the district and the requirement of law that the court hold sessions in three cities. (Stats. 1929, p. 1202; Deering's Gen. Laws, 1937, Act 2114.) This situation is peculiar to this district and does not exist in any other appellate district. To some extent it may be responsible for the custom of procedure which has grown up here.

For the convenience of the court, counsel, and litigants, we have adopted the policy of hearing, in Fresno, cases originating in the four northern counties of the district; in San Diego, those originating in the two southern counties, and, in San Bernardino, those originating in the four central counties. This results in a fairly equal distribution of the work and saves the litigants the expense of sending counsel the considerable distance that separates the three cities, especially San Diego and Fresno. Of course, if any good reason is shown, we can hear a case in any of the three cities regardless of its county of origin.

This distribution of the work results in the accumulation of cases that have been filed during the eight months preceding our return to any one of the three cities, and, when added

to the relatively few cases which were not calendared before our leaving that city, usually due to their having been filed in the latter part of the four month session, furnish the cases to be decided during that session.

This policy of the division of the work is well known to the members of the Bar in the district and has resulted in some of them delaying the filing of briefs until shortly before the opening of a session in the portion of the district where the cases are pending. This has not materially affected the time of hearing these cases. During the time the court is in the other localities, some attorneys have failed to get stipulations or orders extending the time to file their briefs. While this practice is not to be commended, that it has not been regarded as a serious omission is attested by the relatively few motions to dismiss appeals made during the past few years.

Absolute strictness in applying the rules in question might result in grave injustice and would deprive a litigant acting in good faith of his day in court. ▮ In California attorneys are licensed to practice law. This in itself is a representation to the public that the licensee is possessed of some knowledge of the law and procedure and may be expected to apply that knowledge in representing a client, who ought to be entitled to rely upon this representation when he engages an attorney. If the attorney fails in his duty, and fails to follow established procedure in the matter of filing a brief on time, to deprive the client of his day in court for no fault of his own seems to be a result to be avoided if possible. It is a severe penalty to be inflicted on a client to deprive him of his day in court for no fault other than his reliance on the implied representation of competency made by the licensing of the attorney. For these reasons we ought to give careful and perhaps liberal attention to a motion to be relieved from default.

If the motion to be relieved from the default be granted, and the motion to dismiss be denied, no great delay will be occasioned if respondent is prompt in filing his brief, and, if a statement in an uncontradicted affidavit filed by counsel for appellants be taken as true. That statement is as follows:

"That affiant has placed his opening brief in the hands of the printer last week and same would have been completed and it was expected that the printing thereof would be completed by this time but the printer has informed affiant that

such completion has been impossible on account of the difficulty in getting help on account of war time conditions, but completion within a few days has been promised.''

Assuming the foregoing statement to be true, there remains no good reason why the cause may not be submitted before the court leaves San Diego, if respondent will be diligent in filing the reply brief.

The affidavit filed by appellant while not too definite and satisfactory, gives three principal reasons as excuses for the delay in filing the brief: The unexpected appointment of their attorney as city attorney of San Diego which cast many new burdens on him, duties in connection with war work which he could not delegate to another, and inability to employ another attorney to do the work for him because so many San Diego attorneys have been called into the military and departmental services of the country. This last is a matter of such common knowledge that we may take judicial notice of it (*Varcoe* v. *Lee,* 180 Cal. 338 [181 P. 223].) San Diego attorneys seem to be in a unique position as those remaining in practice here all report an unusual volume of business. We are also aware that recently the printing of numerous briefs has been delayed because of a shortage of labor in printing plants.

Motions to be relieved from default are usually addressed to the sound discretion of the court. There should be no abuse of that discretion if the motion to be relieved from default be granted with sufficient restrictions to guard against undue delay in hearing the appeal on its merits. There should be some liberality in ruling on motions of this kind until the Bar has time to become informed of the fact that we must change our former liberal policy in ruling on motions to dismiss.

The motion to be relieved from default is granted and appellant is given fifteen days from the date of filing this opinion in which to file the opening brief.

The motion to dismiss the appeal is denied without prejudice to renewing the motion if the brief be not filed.

Barnard, P. J., and Griffin, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied July 22, 1943.