[Civ. No. 14121.   Second Dist., Div. One.   Aug. 11, 1943.]

EDWARD N. WILSON, an Incompetent Person, etc., et al., Respondents, v. LAUREL EDWARD SMITH et al., Defendants; MARY ELLEN WILSON, Intervener and Appellant.

A. Brigham Rose for Appellant.

Newton M. Todd and Fred A. Watkins for Respondents.

WHITE, J.—Respondents have moved to dismiss this appeal as appellant's opening brief was not filed within the time prescribed by rule 1, section 4, of the Rules of the Supreme Court and District Courts of Appeal, in effect at the time this motion was filed and heard. Appellant has moved to be relieved from default for the claimed reason that her delay and neglect were excusable.

The clerk's and reporter's transcripts on appeal were filed April 13, 1943, and the notice of motion to dismiss was filed June 4, 1943, at which time appellant's brief was 22 days overdue. Two days prior to the hearing on said motion, appellant served upon respondents and offered for filing in this

court her opening brief, a reading of which impresses us that it presents for determination substantial questions.

The affidavit filed by appellant in her effort to secure a relaxation of the pertinent rule, while not too definite or altogether satisfactory, does nevertheless give as reasons for the delay in filing the brief that "Affiant anticipated that out of monies in possession of the estate and which were allowed to appellant, she would be able to pay for the costs, but, notwithstanding that there are funds in the estate, no payments have been made to her"; that counsel for appellant "has been engaged in a multitude of legal proceedings engaging his time"; that counsel was preparing the brief when he was advised by the clerk of this court that the appeal herein was improperly taken to the District Court of Appeal and had been transferred to the Supreme Court; that "affiant being mindful of the fact that the Supreme Court has consistently transferred appeals taken thereto in other than capital cases to the District Court, naturally awaited advices respecting the re-transfer of the case to the District Court of Appeal, but received no such advices." To the foregoing might be added the fact, heretofore noted, that prior to the hearing of the motion to dismiss, appellant proffered her brief for filing in this court.

It is true that since the decision by our Supreme Court in the case of *Murphy* v. *Krumm,* 21 Cal.2d 846 [136 P.2d 8], we must abandon the former policy prevailing in this division of considering the filing of the delinquent opening brief after the notice of motion to dismiss was given and before the same was made in open court, a sufficient answer to the motion, where no appreciable delay had been occasioned in the hearing of the case, because in the cited case it was held that the applicable rules of court have the effect of law and must be followed. Nevertheless, motions of the nature here presented are addressed to the sound discretion of the court before which the motion is made, and the action of courts on such motions, upon pleas to be relieved from default is not governed or controlled by any hard and fast rules. Were we to apply with absolute strictness the pertinent rules, grave injustice might ensue and a litigant acting in good faith might be deprived of his day in court, notwithstanding the merits of his case, because forsooth he relied upon the representation of competency upon the part of his attorney, which competency, to a degree at least, must be implied from the licensing of the latter to practice his profession. Insofar

as our policy in connection with the disposition of motions of the character here presented is concerned, we find ourselves in accord with the views presented with such clarity by Mr. Justice Marks, speaking for the Fourth District Court of Appeal in the case of *Strong* v. *Mack,* 58 Cal.App.2d 805 [137 P.2d 748]. Furthermore, it is noteworthy that with reference to dismissal of appeals for failure to file an opening brief within the prescribed time, the new Rules on Appeal, adopted by the Judicial Council and effective July 1, 1943, provide as follows: "Rule 17. Failure to file brief. (a) (Opening brief) If the appellant's opening brief is not filed within the time prescribed in subdivision (a) of Rule 16, the clerk of the reviewing court shall notify the parties by mail that if the brief is not filed within 30 days after the date of mailing of the notification, the appeal will be dismissed, unless good cause is shown for relief. If a sufficient written showing of excuse is made within such 30-day period, the Chief Justice or Presiding Justice may grant additional time to file the brief subject to such conditions as he may deem proper to impose; otherwise the appeal may be dismissed forthwith. If the notification is not mailed by the clerk or the appeal is not dismissed on the court's own motion, the respondent may move to dismiss the appeal." In other words, under the new rules now in effect, this appellant would have been entitled to a notice from the clerk of this court when the allotted 30 days to file her brief had expired; that unless the document was served and filed within another 30 days, the appeal would, in the absence of a showing for relief, be dismissed, and in the instant case some 8 days would have remained after the date when the notice of motion to dismiss was filed herein within which appellant could have presented her opening brief for filing.

In view of the change required in our former policy and ruling upon motions of this kind under the rules prevailing prior to July 1, 1943, and the short time intervening between the rendition of the Supreme Court decision in *Murphy* v. *Krumm, supra,* (April 12, 1943) and the filing of the motion to dismiss the appeal herein (June 4, 1943) we feel that some liberality in ruling upon such motions is warranted because of the short time afforded members of the bar to inform themselves of the required change in our former liberal policy. Furthermore, in the instant case were we to relax the rule and relieve the delinquent appellant from default, the hearing

of the appeal upon its merits will not be appreciably postponed (*Chapman* v. *Bank of California,* 88 Cal. 419, 421 [26 P. 608]).

For the foregoing reasons the motion to dismiss the appeal herein is denied; the clerk of this court is directed to file the opening brief served upon respondents and presented for filing; respondents to have 30 days from and after the filing of this decision within which to serve and file their brief, and appellant to have 20 days from and after the service upon them and filing of respondents' brief in which to serve and file her reply brief.

York, P. J., and Doran, J., concurred.