[Civ. No. 6886.   Third Dist.   Oct. 7, 1943.]

O'CONNELL GOLD MINES, LTD., Respondent, v. H. GEORGE BAKER et al., Appellants.

J. Everett Barr for Appellant.

Tebbe & Correia for Respondent.

THOMPSON, J.—The defendants have moved to set aside an order of this court dismissing their appeal for failure to file the opening brief within the time allowed by rule I, section 4, of Rules for Supreme Court and District Courts of Appeal. The motion is presented on affidavits of the respective parties.

The transcript was duly filed June 23, 1942. The suit involves the title to certain quartz mining claims in Siskiyou County. The defendants aver that it is impracticable and unprofitable to mine the claims during the present war on account of the scarcity of labor, the imposition of priorities and several restrictive orders of the administration; that both parties realized that fact and defendants were led to believe delay in filing the briefs would not be objectionable. The respondent made no motion to dismiss the appeal for failure to file the brief within the time prescribed. On its own motion this court gave notice to the defendants to show cause why the appeal should not be dismissed on that account. That hearing was set for April 26, 1943. Defendants' attorney wired this court from Yreka April 24th that their brief had been printed and was in transit to be filed. He assumed, according to former custom, that the presence of the brief before the time of hearing would be an answer to the order to show cause. He was therefore not present at that time. The brief failed to arrive prior to the time fixed in the notice, and this court therefore dismissed the appeal. The brief however arrived and was filed that same day soon after the

entry of the dismissal. This motion to vacate the order dismissing the appeal was then made upon due notice.

■ Contrary to the language of rule V of said court rules, it has been previously held that the filing of a delayed brief or transcript before the time of *hearing* of a motion to dismiss the appeal would justify the denial of that relief. (*Murphy* v. *Krumm*, 21 Cal.2d 846 [136 P.2d 8].) In filing their brief in the present case the defendants relied on that former custom. Not until the rendering of its decision in the last cited case on April 12, 1943, did the Supreme Court correct that prevalent mistake on the part of certain District Courts of Appeal in the construction of the language of that rule, although the rule clearly states that if the transcript or briefs are on file *"at the time such notice is given,* that fact shall be sufficient answer to the motion." While the preceding language of the rule is properly construed in the case last cited, to mean that when the transcript or brief is on file at the time the "notice is *given,"* as distinguished from the time when the motion to dismiss is heard, it "shall be sufficient answer to the motion," nevertheless a sound discretion remains in the court to grant or deny the motion, dependent upon the showing of a reasonable excuse for the delay, even when the transcript or brief is not on file until after the notice to dismiss is given. The policy of the court is to hear appeals on their merits when that may be done without material detriment to the litigants and reasonable excuse for the delay appears. (*Murphy* v. *Krumm, supra; Wilson* v. *Smith,* 60 Cal.App.2d 211 [140 P.2d 144].)

We are in accord with adherence to the spirit of rule I, *supra.* It is the policy of the law to require an appellant to exercise diligence in perfecting and prosecuting his appeal. Prompt disposition of appeals is in the interest of justice.

■ In the present case, reasonable cause for the delay in filing appellants' opening brief appearing to our satisfaction, it is ordered that the previous order of April 26, 1943, dismissing the appeal be and it is hereby vacated, and the appeal is hereby restored. The respondent is granted thirty days from notice of this order within which to file its reply brief.

Peek, J., and Adams, P. J., concurred.