[Civ. No. 8387. Third Dist., Apr. 23, 1954.]

BETTY BEELER, Appellant, v. CHARLES W. BEELER, Respondent.

Christin & Davis and Charles A. Christin for Appellant.

Price & Morony and Grayson Price for Respondent.

PEEK, J.—This is an appeal by plaintiff from the final decree of divorce granted defendant, and from the subsequent order of the court denying plaintiff's motion to vacate said decree.

The record shows that on August 27, 1951, following a contested hearing, an interlocutory decree of divorce was entered in favor of plaintiff dissolving the marriage between plaintiff and defendant. Additionally the decree affirmed the property settlement agreement of the parties. On August 6, 1952, counsel for plaintiff filed with the court an affidavit signed by her wherein it was averred that she and defendant had effected a reconciliation and had continuously cohabited since the entry of the interlocutory decree. Following a rather lengthy statement of the facts in support of such allegation, the affidavit concluded with the request that the court deny and refuse to grant defendant a final decree upon the grounds set forth therein. However, no affirmative action by motion or otherwise was taken by plaintiff. On August 11, 1952, counsel for plaintiff wrote to the court calling attention to the affidavit which had been filed and asserting his understanding of the law to be that should defendant file the necessary affidavit required by rule 20 of the Rules of the Superior Court, showing no cohabitation, "you, as Judge, cannot grant a final decree of divorce until a hearing has. been had on the merits of the issues presented by the two affidavits." Thereafter on August 29, 1952, more than one year after entry of the interlocutory decree, the defendant filed two affidavits with the court. The first was in accordance with the requirement of rule 20; the other denied specifically the allegations of plaintiff's prior affidavit and concluded with a prayer that the final decree be entered. Also filed at that time was a letter addressed to the court stating that said affidavit was designed to present defendant's opposition to the prior affidavit of plaintiff and her request for a hearing. It is admitted that although copies of this letter and the affidavits were mailed to counsel for plaintiff, such papers could not have reached him in time to answer thereto. The court, upon the conflicting

affidavits before it, considered the matter and entered the final decree. In its order the court noted that it had considered all of the affidavits and the case generally as disclosed by record and proceedings. Shortly thereafter plaintiff filed notice of motion to vacate the final decree, and after a formal hearing thereon in open court said motion was denied. At that hearing the court again noted that it had before it the previously mentioned affidavits as well as additional affidavits filed by plaintiff in support of said motion to vacate. It should be noted that at no time subsequent to the entry of the interlocutory decree was there any motion to vacate or otherwise set aside said decree.

Plaintiff's counsel, in support of his contention that the entry of the final decree should be set aside and vacated, does not attack the sufficiency of the showing by defendant, nor contend that the order of the court otherwise lacks evidentiary support. The attack upon the decree appears to be that since the court at the time the final decree was entered had before it conflicting affidavits, it was thereby presented with a judicial question rather than a ministerial one, and hence it was the duty of the court to set the same for formal hearing. Secondly, it is contended that since the counteraffidavit of defendant was not served on counsel for plaintiff, plaintiff was thereby denied due process.

The pertinent portions of section 132 of the Civil Code provide that one year after the entry of the interlocutory decree the court on motion of either party, or upon its own motion, may enter the final judgment granting the divorce. But if an appeal has been taken from the interlocutory decree or a motion for new trial made, then the final judgment shall not be entered until the same has been disposed of. Rule 20 of the Rules of the Superior Court requires the petitioning party to support his or her application for a final decree with an affidavit setting forth certain facts: (1) That the parties have not become reconciled; (2) that they have not lived or cohabited together; (3) that both parties are then living; and (4) that the moving party has complied with all requirements and is not in default thereof.

Plaintiff, in support of her first contention that the court had a duty to hear on notice the question raised by the affidavits of the parties, relies entirely upon the case of *Angell* v. *Angell*, 84 Cal.App.2d 339 [191 P.2d 54]. The apparent reason therefor is the comment by the court therein that in cases where the petitioning party cannot aver that there has

been no cohabitation during the year "the proper procedure is to proceed by motion supported by an affidavit in explanation of the cohabitation." While that may well be a proper procedure in such cases, neither the applicable code provisions nor the Rules of the Superior Court make such a proceeding mandatory. The very fact that section 132 of the Civil Code provides that the court, on its own motion, may enter the final decree "would seem to exclude the idea that a trial was contemplated at the time of entering the last judgment." (*John* v. *Superior Court*, 5 Cal.App. 262 [90 P. 53]. See also *Reed* v. *Reed*, 9 Cal.App. 748 [100 P. 897].) Furthermore it should be observed that the situation mentioned in the Angell case does not apply in the present case since the defendant was able to comply with such provisions.

The regulation of marriage and divorce is solely within the province of the Legislature except as the same may be restricted by the Constitution. Thus when compliance has been had with the statutory requirements and rules of the court, the "right to have the final decree entered accrues." (*Helbush* v. *Helbush*, 209 Cal. 758 at page 764 [290 P. 18].)

But nowhere in the statutory law is there any mandatory provision for a formal hearing upon application for entry of a final decree.

The sole question presented to the trial court herein was identical to the question posed to the trial court in the Helbush case—a question of fact as to whether there was an unconditional agreement of reconciliation which justified a denial of the final decree, or whether the reconciliation was conditional and therefore warranted the granting of the final decree. Both here and in the Helbush case the evidence was conflicting. Again in both cases the trial court, in the exercise of its discretion, chose to resolve the factual conflict so presented in favor of defendant. Since the evidence was in conflict, and since it cannot be said that the court abused its discretion in resolving that conflict as it did, it necessarily follows in accordance with elementary principles the determination by the court under those circumstances is conclusive on this court and will not be disturbed on appeal. (*Helbush* v. *Helbush, supra.*)

What has heretofore been said is equally applicable to the two contentions made by plaintiff, and hence for the reasons stated both contentions are without merit.

We further note that while counsel for plaintiff in his notice of appeal included both the final decree and the

order denying plaintiff's motion to set aside said decree, no mention of the latter was made in either his opening or closing brief. We therefore conclude that the appeal from that order has been waived.

The judgment and order are affirmed.

Van Dyke, P. J., and Schottky, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 16, 1954. Carter, J., and Schauer, J., did not participate.