[Civ. No. 23456.   Second Dist., Div. Two.   Feb. 16, 1959.]

IDA MARJORIE AMES, Appellant, v. FRANK R. AMES, Respondent.

James L. Garcia for Appellant.

Hahn, Ross & Saunders for Respondent.

ASHBURN, J.—Plaintiff appeals from an order granting defendant husband's motion for entry of final decree of divorce. An interlocutory was granted to plaintiff on November 20, 1956. Defendant married another woman in Las Vegas on April 8, 1958. One week later plaintiff filed an

affidavit alleging a reconciliation after the granting of the interlocutory and praying that no final decree be entered. Numerous other affidavits were filed in support of that position and in opposition thereto. On May 6, 1958, defendant filed a motion to enter a final decree which was supported by his own affidavit alleging that there had been no reconciliation and refuting the averments of the affidavits previously filed on behalf of plaintiff; there was also a supporting affidavit. The notice of motion stated that it would be based upon the affidavits and other records on file and upon oral testimony. This course was pursued. Plaintiff and defendant both testified; plaintiff called two witnesses and a stipulation was made as to what testimony two others would give if called; defendant called two witnesses supporting his version of the facts. The evidence was in substantial conflict. The trial judge found "that there was not a bona fide reconciliation" and ordered entry of a final decree, *nunc pro tunc* as of November 22, 1957. Same was entered on June 2, 1958, as of the date mentioned in the order and plaintiff promptly appealed.

██ The language of Mr. Justice Vallée in *Overton* v. *Vita-Food Corp.*, 94 Cal.App.2d 367, 370 [210 P.2d 757], is directly pertinent: "With rhythmic regularity it is necessary for us to say that where the findings are attacked for insufficiency of the evidence, our power begins and ends with a determination as to whether there is *any* substantial evidence to support them; that we have no power to judge of the effect or value of the evidence, to weigh the evidence, to consider the credibility of the witnesses, or to resolve conflicts in the evidence or in the reasonable inferences that may be drawn therefrom. No one seems to listen. We are satisfied from an examination of the . . . transcript that the findings are amply supported by the evidence."

Appellant's brief shows, as do the transcripts herein, that the evidence at bar is conflicting and appellant thus leaves no function for an appellate court to perform other than affirmance of the order. No real attempt is made to "demonstrate that there is no substantial evidence to support the challenged findings," as required by *Nichols* v. *Mitchell*, 32 Cal.2d 598, 600 [197 P.2d 550], and numerous other authorities.

██ Appellant's counsel recognizes the authority of *Beeler* v. *Beeler*, 124 Cal.App.2d 679, which he cites and which says, at page 682 [268 P.2d 1074]: "The sole question presented to the trial court herein was identical to the question posed

to the trial court in the Helbush case—a question of fact as to whether there was an unconditional agreement of reconciliation which justified a denial of the final decree, or whether the reconciliation was conditional and therefore warranted the granting of the final decree. Both here and in the Helbush case the evidence was conflicting. Again in both cases the trial court, in the exercise of its discretion, chose to resolve the factual conflict so presented in favor of defendant. Since the evidence was in conflict, and since it cannot be said that the court abused its discretion in resolving that conflict as it did, it necessarily follows in accordance with elementary principles the determination by the court under those circumstances is conclusive on this court and will not be disturbed on appeal. (*Helbush* v. *Helbush, supra* [209 Cal. 758 (290 P. 18)].)'' **[3]** But counsel ignores this rule and essays nothing more than a reweighing of the evidence. His brief says: ''The evidence was sufficient to show that the parties had become reconciled. . . . [T]he appellant here contends that the evidence is sufficient to show a reconciliation such as to prevent the entry of the final decree. . . . A careful analysis of the evidence shows that the parties did in fact become reconciled. . . . [T]he evidence on the whole shows that there had been an unconditional reconciliation. . . . We feel that the evidence here shows that the parties became reconciled. . . . We feel that the evidence offered by the plaintiff was not sufficiently controverted to support the order granting the motion to enter the final decree.''

The rule to which we have adverted has been reiterated so often and with so little effect upon certain members of the bar that it seems to call in this instance for application of rule 26 of Rules on Appeal, which provides that in case of a frivolous appeal ''the reviewing court may impose upon offending attorneys or parties such penalties, including the withholding or imposing of costs, as the circumstances of the case and the discouragement of like conduct in the future may require.''

The order is affirmed and the attorney for appellant is fined the sum of $100 for taking a frivolous appeal, such amount to be added to respondent's costs on appeal.

Fox, P. J., and Herndon, J., concurred.