THE PEOPLE *v.* R. H. McCLELLAN, AND CERTAIN REAL ESTATE AND IMPROVEMENTS.

DEFENDANT MAY BOTH DEMUR AND ANSWER.—The defendant may demur and answer at the same time to the entire complaint, and also to each cause of action stated therein.

STRIKING OUT ANSWER FOR FAILURE TO PAY DEMURRER FEE.—If the defendant files his answer at the same time he does his demurrer, the Court, after overruling the demurrer, has no right to strike out an answer which raises a defense because the defendant fails to pay the plaintiff twenty dollars, required by a rule of Court to be paid, for the privilege of answering when a demurrer is overruled.

RULE OF COURT.—A rule of Court which deprives a party of a statutory right is void.

APPEAL from the District Court, Fourteenth Judicial District, Placer County.

The facts are stated in the opinion of the Court.

*Jo. Hamilton*, and *J. H. Wilbur*, for Appellant, argued that the Court erred in striking out the answer after the demurrer was overruled.

*Tweed & Craig*, for Respondents, argued that the District Court had power to make and enforce the rule upon which the order was based.

By the Court, CURREY, C. J.:

This action was instituted by the District Attorney of Placer County, in the name of the people of the State of California, to recover certain taxes alleged to have been levied and assessed upon the real estate and improvements, described in the complaint as the property of the defendant McClellan. The complaint shows that during all the month of March, 1864, the real estate and improvements were in the County of Placer, and on the 15th of that month the duly constituted Assessor made an assessment of said property and entered the same upon the assessment roll as the property of the defendant; and the complaint contains other averments corresponding with the formula contained in the statute; and it also contains an allegation that on the 1st of April, 1864, an Act was passed by the Legislature of the State, entitled "An Act to define the boundaries of Sutter County," by which the real estate described became a part of Sutter County.

To the complaint the defendant demurred and answered at the same time. The demurrer was afterward overruled, and thereupon the Court, on motion of the plaintiff's counsel, made an order that the answer be stricken out, unless the defendant should pay to the plaintiff in twenty days from that day the sum of twenty dollars costs, provided by a rule of the Court to be paid in such cases. The twenty days having elapsed and the defendant having failed to pay the twenty dollars costs, the Court made the order to strike out the answer absolute, and thereupon gave judgment for the plaintiff in accordance with the prayer of the complaint. The defendant upon his appeal from this judgment assigns the overruling of the demurrer, the striking out of defendant's answer, and the giving judgment for the plaintiff against the defendant, as grounds of error.

The forty-second section of the Practice Act reads as follows: "The defendant may demur to the whole complaint, or to one or more of several causes of action stated therein, and answer the residue; or may demur and answer at the

same time." There has been some diversity of opinion among Judges and members of the legal profession as to the true intent and meaning of this section of the Act. The opinion has been expressed that a demurrer and answer cannot be interposed to the entire complaint, or to one of the several causes of action stated therein at the same time, and that the last clause of the section means merely that the defendant may demur to one cause of action stated in the complaint, and at the same time answer another. By such construction of the language of the section it is apparent that the concluding clause of it must be devoid of any purpose, because it is previously provided that the defendant may demur to one cause of action stated, and at the same time answer to another. We think and hold that to the entire complaint and also to each cause of action stated therein, if more than one, the defendant may demur and answer at the same time; and that if a defendant files his answer at the time he files his demurrer, as he may do, the Court has no right to strike it out. The Court may make and enforce rules of practice, but a rule which operates to deprive a party of a statutory right is repugnant to the statute and therefore to that extent void.

We are of the opinion the demurrer was properly overruled, and if the answer had failed to set forth matters which, if assumed to be true, constituted a defense to the action, there would be no ground for reversing the judgment; but the answer puts at issue several material allegations of the complaint, which, if found for the defendant upon the trial to which he is of right entitled, must result in a judgment in his favor.

The order striking out the answer, and the judgment thereafter entered should be, and is hereby reversed, and the cause remanded for trial.