[Civ. No. 2818.    Second Appellate District, Division One.—February **13,** 1919.]

KLOKKE INVESTMENT COMPANY (a Corporation), Petitioner, v. THE SUPERIOR COURT OF THE STATE OF CALIFORNIA IN AND FOR THE COUNTY OF LOS ANGELES and JOHN W. SHENK, Judge Thereof, Respondents.

SUMMONS—SERVICE BY PUBLICATION — DEPOSITING IN MAIL — RULE OF COURT REQUIRING REGISTRATION.—When service of summons is made by publication and the plaintiff has complied with the order of the court by mailing copies of the complaint and summons as required by the court and deposited in the mails with postage prepaid, the statute (section 413 of the Code of Civil Procedure), is satisfied even though a rule of court requires such mailed documents to be registered, since the acts necessary to give jurisdiction, as specified in an act of the legislature, cannot be added to or limited by rule of court.

ID.—POWER OF COURT TO SET ASIDE ORDER FOR PUBLICATION.—An order for service by publication can be set aside when it has been inadvertently made, or under a mistake or upon a showing that it has been fraudulently procured, but not otherwise, even under the authority of section 937 of the Code of Civil Procedure authorizing the setting aside without notice of ex parte orders made out of court.

ID.—ORDER QUASHING SERVICE VOID.—In the absence of such reason, an order attempting to quash the service of summons under such an order of publication is void, and after the publication is complete, jurisdiction is acquired and the trial court is without authority in refusing to proceed.

MANDAMUS.—In such case peremptory *mandamus* will issue to compel the respondent court to proceed to hear and determine the issues.

PROCEEDING in Mandamus to compel the Superior Court of Los Angeles County to proceed to a hearing of a cause in that court pending. Writ granted.

The facts are stated in the opinion of the court.

W. W. Butler for Petitioner.

Joseph L. Lewinsohn for Respondents.

JAMES, J.—Proceeding in mandate to compel the superior court to proceed to a hearing of a cause in that court pending. An alternative writ was issued and return made thereto. There is no material dispute as to the facts.

Petitioner herein was plaintiff in a suit to foreclose a mortgage on real estate. R. Lewis was named as one of the defendants in that action. Service was made upon R. Lewis by publication. The affidavits upon which the order for publication was made showed that an exceedingly diligent search had been prosecuted on behalf of the plaintiff in the endeavor to find the said R. Lewis in the state of California, and that said search had been unavailing. It was not shown by any of the affidavits that the residence of the said R. Lewis was known, and therefore no showing was made which required the judge of the court to order that a copy of the summons and complaint be deposited in the postoffice and be directed to the person to be served at his place of residence, as is provided by section 413 of the Code of Civil Procedure. The court did insert in its order the statement that the residence of the said Lewis might be known to two of her codefendants, and, following that statement, ordered that copies of the summons and complaint be addressed to the said Lewis in care of the two defendants, both of whom resided in the city of Los Angeles. Publication was duly made and proof furnished thereof, upon which the default of the defendant Lewis was entered. Thereafter Lewis appeared specially in the court and moved to vacate and quash the service of summons upon several alleged grounds. It was urged on the motion that the court had not acquired jurisdiction of the defendant Lewis, in that she was a resident of the state of New York; for the further reason that neither the affidavits nor the order for publication of summons showed that plaintiff had a good cause of action against the defendant; that the person who should mail the copy of summons and complaint, as required by the order, was not named; and, further, that said summons and com-

plaint so mailed were not sent in registered packages. This motion was by the court denied, and, the cause being called for hearing before another judge, the motion was renewed, and the court sustained the same and refused to hear the case as against the defendant R. Lewis. Petitioner then filed his petition for mandate to compel the court to proceed. It must be conceded that the affidavits upon which the order for publication of summons was made stated ample and sufficient facts to sustain the order. Under the showing presented to the court at the time the order was made, no facts appeared from which the court was required to order a mailing of the summons and complaint. Nevertheless, the return as made by the plaintiff, after publication of summons, showed that it had literally complied with the order of the court in mailing copies of the complaint and summons in care of the two codefendants of the defendant Lewis; that such mailed summons and complaint were addressed as required by the court and deposited in the mails with postage prepaid. It is said that a rule of the superior court required such mailed documents to be registered. Assuming that the case was one within section 413 of the Code of Civil Procedure (where the residence of the defendant is known), the statute was satisfied when the mailing was made as therein required. The acts necessary to give jurisdiction, as specified in an act of the legislature, cannot be added to or limited by rule of court. The court in its order for publication recited that it appeared from the affidavits presented and from the verified complaint that a cause of action existed against this defendant, and as the files of the court were before the judge who made the order, we must presume that his conclusion on that matter was properly made.

The main contention urged on behalf of the respondents is that the superior court and any judge thereof had power to quash the service of summons and set aside the order permitting the same to be made by publication, regardless of the fact that such order for publication, when made, was sufficiently supported by affidavits showing the requisite facts. This, because section 937 of the Code of Civil Procedure provides that ''An order made out of court, without notice to the adverse party, may be vacated or modified, without notice, by the judge who made it; or may be vacated or modified on notice, in the manner in which other motions

are made." We are not prepared to concede that an order for publication of summons, duly made, after judicial investigation of facts, is such an order as may fall within the provisions of the section noted. However, for the purposes of this proceeding, we may admit that it is. Nevertheless, where action is invoked under section 937 of the Code of Civil Procedure, either by the motion of the court itself or by application of a party, it by no means follows that the *ex parte* order may be set aside without being grounded upon any reason except that the court concludes differently than it has upon its first decision. An order inadvertently made, or under mistake, or upon a showing that it has been fraudulently procured, may certainly be set aside under the authority given by said section 937, but not otherwise. (*Wiggin* v. *Superior Court,* 68 Cal. 402, [9 Pac. 648].) We quote from that decision: "Where the judgment of a court has been deliberately exercised in a cause, and a final result reached as a conclusion thereof, there are good reasons why it should not be disturbed except by the formal methods prescribed by statute, but rulings, orders, and even judgments inadvertently made are not the result of judgment, but of oversight, neglect, or accident, and are subject to correction by the judge or court making them." (See, also, *People* v. *Curtis,* 113 Cal. 68, [45 Pac. 180].) In this case there can be no pretense that the judge who made the order for publication of summons against Lewis acted inadvertently or through mistake, or that he was imposed upon. No such showing was made on the motions to quash the service of summons, and, as we have before stated, the order for publication was fully supported by the affidavits furnished to the court prior to the signing thereof. After service of summons had been made by the publication thereof, the court acquired jurisdiction to proceed as against Lewis: "From the . . . completion of the publication when service by publication is ordered, the court is deemed to have acquired jurisdiction of the parties, and to have control of all the subsequent proceedings. . . ." (Code Civ. Proc., sec. 416.) And so it follows that at the time the motions to quash the service of summons were made, jurisdiction was shown by the record before the court and by a record which was complete and sufficient as to the requisites involved. The court

acted without authority in refusing to proceed, and the order attempting to quash the service of summons was void.

This matter was submitted upon the demurrer of the respondents (which demurrer presented the question of law as to the sufficiency of the facts stated in the petition to entitle the petitioner to the writ) and upon the answer filed at the same time.

The demurrer to the petition is overruled; and it is ordered that peremptory writ of mandate issue, requiring the respondent court to proceed to a hearing of the cause and to determine the issues thereof as to the defendant Lewis; petitioner to recover its costs.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 10, 1919.

All the Justices concurred, except Olney, J., who was absent.