[Civ. No. 5108.   Second Appellate District, Division One.—August 4, 1925.]

## H. WIGMAN, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[1] Pleading—Rights of Demurring Defendant—Failure to Comply With Rule of Court—Penalty.—The rights of a demurring defendant rest completely and solely upon sections 421, 430 and 431 of the Code of Civil Procedure, and where a defendant files a demurrer, such as the statute permits, and attempts to present said demurrer, he is entitled to have a ruling upon the merits thereof, notwithstanding he has failed to comply with a rule of court requiring him to file with said demurrer a memorandum of authorities in support thereof, which rule, however, does not prescribe what penalty or consequence shall result from a failure to comply therewith.

[2] Id.—Refusal to Consider Demurrer—Mandamus.—Where the order made by the court, although in form an order overruling the demurrer of said defendant, is in effect a refusal to consider

1. See 21 Cal. Jur. 114.

the demurrer at all because of the failure of said defendant to file the memorandum of authorities in support thereof, *mandamus* will lie to compel the court to rule upon the merits of the demurrer.

(1) 15 C. J., p. 902, n. 13; 31 Cyc., p. 346, n. 77.    (2) 38 C. J., p. 607, n. 58.

PROCEEDING in Mandamus to compel the Superior Court of Los Angeles County, and Hugh J. Crawford, Judge thereof, to rule upon the merits of a demurrer. Peremptory writ granted.

The facts are stated in the opinion of the court.

Crouch & Crouch for Petitioner.

Anne O'Keefe for Respondents.

CONREY, P. J.—On application for writ of *mandamus.* The petitioner, as defendant in an action pending in the Superior Court, demurred to the complaint on several grounds stated in the demurrer, but did not note on the demurrer or file therewith any note or memorandum of the authorities in support thereof. Paragraph 8 of rule 10 of the Superior Court of Los Angeles County provides that a party demurring shall note on the demurrer the authorities in support thereof, or file a separate memorandum of such authorities. The rule does not declare what penalty or default shall result from failure to comply with these requirements. When the demurrer was called for hearing the judge called attention to the fact that the demurrer was not accompanied by any points and authorities. For that sole reason, without examining the demurrer itself, he refused to consider the demurrer, and entered an order overruling the same.

Section 421 of the Code of Civil Procedure reads as follows: "The forms of pleading in civil actions, and the rules by which the sufficiency of pleadings is to be determined, are those prescribed in this code." Section 430 authorizes the defendant to demur to the complaint. Section 431 provides that the demurrer must distinctly specify the grounds upon which any of the objections to the complaint are

taken. "Unless it does so, it may be disregarded." Inferentially it is thus intended and in effect enacted that, if the demurrer does distinctly specify any of the grounds of demurrer authorized by section 430, the defendant is entitled to have a ruling upon his pleading according to its merits.

In *Klokke Investment Co.* v. *Superior Court,* 39 Cal. App. 717 [179 Pac. 728], this court had under consideration an order for publication of summons, and a rule of the superior court which required that where mailing a copy of summons and complaint was ordered, such mailed documents must be registered. The code in its provision for mailing of such documents did not require that they be registered. This court held that, assuming that the case presented was one which required the mailing of the documents, the statute was satisfied when the mailing was made as therein required. "The acts necessary to give jurisdiction, as specified in an act of the legislature, cannot be added to or limited by a rule of court."

[1] But in the case at bar, we may assume that the rule under consideration, which directs the notation or filing of the authorities in support of a demurrer, is a valid rule, since it does not purport to be more than a rule of procedure upon a matter wherein the cause and the parties are within the jurisdiction of the court. The rule does not attempt to provide that a party failing to comply therewith shall be denied a ruling upon the merits of the demurrer. The case is not analogous to one which might arise under the provisions of section 527 of the Code of Civil Procedure, wherein it has been provided that where a temporary restraining order has been obtained, together with an order to show cause why a preliminary injunction should not be granted, the moving party must serve upon the opposing party a copy of his complaint, affidavits and points and authorities, and that if he shall fail so to do within the time specified, the court shall dissolve the temporary restraining order. (*Kelsey* v. *Superior Court,* 40 Cal. App. 229, 235 [180 Pac. 662].) Even if it be conceded that a rule might be sustained, imposing some such penalty or consequence for failure to file points and authorities in support of the demurrer, the fact is that the rule now under con-

sideration does not contain any such provision. The rights of the demurring defendant rest completely and solely upon the sections of the code relating to demurrers, to which we have referred. The defendant having filed a demurrer, such as the statute permits, and having attempted to present said demurrer, he is entitled to have a ruling upon the merits thereof.

[2] This is not a case where it is sought to obtain an order controlling the discretion of the court in its disposition of the matter before it. The order which the court made, although in form an order overruling the demurrer, was in effect a refusal to consider the demurrer at all. It is in this aspect alone of the case that the court has declined to perform "an act which the law specially enjoins, as a duty resulting from an office, trust, or station." (Code Civ. Proc., sec. 1085.) The demurrer to the petition herein is overruled.

Let the peremptory writ issue.

Curtis, J., concurred.