[Civ. No. 16741. Second Dist., Div. Two. Nov. 24, 1948.]

MELCHIOR DIKKERS, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Hanifin & Sease for Petitioner.

Harold W. Kennedy, County Counsel, and James A. Cobey, Deputy County Counsel, for Respondent.

MOORE, P. J.—The alternative writ of mandate having heretofore issued commanding respondent to hear, consider and determine the general demurrer to the complaint against petitioner in action 548179 on respondent's docket, or to show cause why it should not do so, respondent has filed a demurrer to the instant petition. By such demurrer only two contentions are presented, viz., (1) a writ of mandate may issue only to compel the performance of an act which the law specifically enjoins (Code Civ. Proc., § 1085); (2) respondent has not failed to perform any act enjoined by law.

The complaint attacked by petitioner's demurrer in the court below alleges an action for damages and for an injunction against petitioner. That demurrer was both special and general. It was overruled in its entirety without argument for the express reason that the defendant (petitioner herein) had failed to file with the demurrer his points and authorities other than the citation of two sections of the Code of Civil Procedure, 430 and 526.

There is no support for respondent's contention that a writ of mandate is not the remedy to require the superior court to consider a general demurrer. The petition does not

in the slightest degree suggest that this court control the discretion of the superior court. The latter's act in overruling the demurrer solely on the ground that points and authorities did not accompany it was in effect a refusal to consider the demurrer at all. Thereby the court declined to perform an act which the law specifically "enjoins as a duty resulting from an office" and may therefore be compelled by mandate. (Code Civ. Proc., § 1085; *Wigman* v. *Superior Court*, 74 Cal.App. 132, 135 [239 P. 427].)

 The superior court's arbitrary act in overruling the demurrer on the ground stated was expressly based upon rule XIX, promulgated by the Judicial Council. It is substantially the same as the court rule involved in the Wigman case. It requires that a party filing a demurrer "shall serve and file with such demurrer . . . a memorandum of points and authorities relied upon." The rule further provides that "the absence of the prescribed memorandum may be construed by the court as an admission that the demurrer is not meritorious." (213 Cal. lxxxviii.) The correct construction of this rule must be determined by a reasonable interpretation of its relation to the code provisions as heretofore interpreted by the decisions.

A failure to file points and authorities is not a waiver of the issues raised by the demurrer. While rules of court may facilitate its business and promote the convenience of litigants, yet acts essential to jurisdiction as fixed by statute may not be modified by rule. (*Wigman* v. *Superior Court, supra.*) Any rule that operates to deprive a party of a statutory right is to that extent void. (*People* v. *McClellan,* 31 Cal. 101, 103.) Respondent contends that petitioner's failure to file points and authorities constituted a failure to prosecute and therefore served as a waiver of the issues of law. But the Code of Civil Procedure, section 591, imposes upon the trial court the duty to try all issues of law, while section 434 specifically exempts from waiver objections to the jurisdiction of the court and the claim that the complaint does not state facts sufficient to constitute a cause of action. Inasmuch as petitioner's general demurrer would not have been waived by failure to file it, surely a waiver thereof cannot be deemed to have been effected if in fact the pleading has been filed.

 It must therefore follow that rule XIX can have reference only to special demurrers. This view of the controversy detracts none of the efficacy of rule XIX, nor does it violate the provisions of sections 434 and 591 of the Code of

Civil Procedure. Neither is the wholesome purpose to be achieved by the rule in any sense to be defeated. The authors thereof contemplated that in order for a court speedily and efficiently to consider technical criticisms of a pleading both the adversary party and the court should be familiarized with the pertinent authorities bearing upon the demurrant's criticisms of the pleading under attack. While the enforcement of the rule as to a special demurrer will result in a saving of time without depriving anyone of a statutory right, yet to construe the rule as requiring points and authorities to be filed with a general demurrer would vitiate section 434, *supra,* and exceed the limitation imposed by the Constitution (art. VI, § 1a, subd. 5) which forbids the Judicial Council to adopt rules "inconsistent with the laws that are now or that may hereafter be in force."

The demurrer to the petition herein is overruled. A peremptory writ of mandate will issue directing respondent to hear and decide the general demurrer in the action referred to in the petition.

McComb, J., and Wilson, J., concurred.