[Civ. No. 24626. Second Dist., Div. One. Nov. 3, 1960.]

ALBERMONT PETROLEUM, LIMITED (a Corporation), Respondent, v. C. D. CUNNINGHAM, Appellant.

Robert M. Devitt and William H. Haupt for Appellant.

Verne E. Robinson and William A. Sherwin for Respondent.

LILLIE, J.—On December 24, 1958, plaintiff corporation sued defendants Cunningham and Healy on a $25,000 promissory note due December 4, 1958, executed by them on September 5, 1958. The complaint alleged that the note was given in consideration of a dismissal with prejudice of a suit for $100,000 brought by plaintiff against defendants, then pend-

ing in the United States District Court entitled "Albermont Petroleums, Limited, a corporation, vs. Lee Healy and C. D. Cunningham." The answer filed January 28, 1959, denied all allegations of the complaint including the execution of the note, but admitted "that there were negotiations and an agreement was reached between the parties on or about that date (September 5, 1958)." (Par. II.)

A second note for $25,000, executed by defendants at the same time under the same circumstances and in accord with an oral stipulation of dismissal of the federal action by plaintiff with prejudice, having become due March 5, plaintiff on April 13, 1959, filed a supplemental complaint to which an answer was filed April 21, 1959, in almost the same language of defendants' first pleading.

Interrogatories were answered by defendant Cunningham on July 13, 1959, in which he admitted under oath, among other things, that he and Healy were defendants in the federal action; that on September 5, 1958, in Robinson's office, there were negotiations consisting of "[D]iscussions between N. P. Powell, my [his] then attorney George Hart, and Vern [sic] E. Robinson," out of which arose an agreement between plaintiff and defendants consisting of "[T]he execution of two notes in favor of Albermont Petroleums, Limited, and the [D]ismissal of the action [federal]"; and that he signed both notes sued upon, no part of which principal or interest has been paid.

On August 17, 1959, plaintiff filed and served on defendants notice of motion for summary judgment together with supporting affidavits to which were attached various documentary proofs of plaintiff's corporate capacity, and memorandum of points and authorities. The motion was set for hearing on August 25, 1959. On that day, just before the hearing, defendant Cunningham presented to the court for filing, and for its consideration, affidavits in opposition to the motion for summary judgment (asserting that fraud consisting of a forged document was the procuring cause and consideration for the promissory notes sued on and that discovery of the forgery was not made until immediately before the execution of the affidavits), certain exhibits in support of the affidavits and a memorandum of points and authorities. The court refused to permit them to be filed, stating that "there was a rule of that court (law and motion department) which required the filing of all such documents prior to 12:00 noon of the day preceding the hearing." Defendant pointed out that

the several affidavits he sought to file alleged there was fraud based on a forged document which had induced the signing of the notes sued upon which presented an issue of fact, which fraud he had not discovered until just before the affidavits were executed; and requested a continuance in order that he might comply with the rule and the matter might be properly presented and considered by the court. Defendant's counsel advised the court that he had not known of the rule referred to, was not familiar with the same, and had not previously appeared in the law and motion department. The motion for continuance was denied and the court proceeded to hear the motion for summary judgment, granted the same, ordered the answer stricken and directed judgment be entered for plaintiff.

On October 21, 1959, defendant served and filed notice of motion to vacate and set aside the judgment under section 473, Code of Civil Procedure, together with supporting affidavits setting forth the time and manner of discovery of the forgery and counsel's unfamiliarity with rule (6), memorandum of points and authorities, proposed answer to the complaint setting up forgery as a defense and all of the counter-affidavits and documents defendant had presented to the court for filing on the plaintiff's motion for summary judgment, which the court refused to permit him to file. The hearing on the motion was had October 29, 1959; the motion was denied. On November 16, 1959, defendant moved the court to reconsider its previous ruling of October 29, which motion was denied.

Defendant Cunningham appeals from the judgment and the orders denying motion to vacate the summary judgment and denying motion to reconsider, neither of which constitutes a final order. He contends that the trial court erred—in refusing to permit the filing of, and give consideration to, his affidavits in opposition to the motion for summary judgment; in denying his request for continuance that he might be able to conform to rule (6); and in granting summary judgment on a note which the affidavits and pleadings of the moving party show was not due upon commencement of the action.

The motion for summary judgment was heard in department 66 of the superior court, locally known as the law and motion department. The authority relied upon by the court in refusing to permit the filing of the counteraffidavits was designated by it as "a rule of that court," and provides: "(6) All points and authorities and affidavits, other than those filed

concurrently with the motion or demurrer, should be filed directly with the court clerk in the law and motion department in which the matter is pending not later than noon of the day preceding the day of the hearing.''

The power inherent in courts of record to make rules of procedure which do not conflict with constitutional or legislative provisions has long been recognized (*People* v. *Jordan*, 65 Cal. 644 [4 P. 683] ; *Ex parte Garner*, 179 Cal. 409 [177 P. 162] ) and subsequently confirmed by legislative enactment (Gov. Code, § 68070). Under this statutory provision ''Every court of record may make rules for its own government and the government of its officers not inconsistent with law or with the rules adopted and prescribed by the Judicial Council. . . .''; and local courts adopting rules under this section shall file copies thereof with the Judicial Council and the clerk of the court. (§ 68071.) However, the ''rule-making'' field has been mostly occupied by the Judicial Council which derives its powers to ''Adopt or amend rules of practice and procedure for the several courts not inconsistent with laws that are now or that may hereafter be in force,'' from the California Constitution (art. VI, § 1a). From these statutory and constitutional sources have developed various formulated procedural practices regulating the business of our courts—local rules of the superior court, and Rules for Superior Courts adopted by the Judicial Council (33 Cal.2d 1 ; Deering's Code of Civil Procedure, Appendix, p. 72) which, if they do not transcend legislative enactments or constitutional provisions, have the force of positive law binding on the court and parties as procedural statutes. (*Cantillon* v. *Superior Court*, 150 Cal.App.2d 184 [309 P.2d 890] ; *Helbush* v. *Helbush*, 209 Cal. 758 [290 P. 18] ; *Lane* v. *Superior Court*, 104 Cal.App. 340 [285 P. 860] ; *Kuhn* v. *Ferry & Hensler*, 87 Cal.App.2d 812 [197 P.2d 792].)

However, aside from the rules promulgated by local superior courts in accord with sections 68070, 68071, and those of statewide application formally adopted by the Judicial Council under constitutional provision, is that portion of our court procedure consisting of informal practice or usage written and unwritten, evolved from local custom or policy and acknowledged as ''the common law'' of the court based upon the ''implied power'' of a judge to alter, construe, amplify or modify existing rules or create new procedure. (*People* v. *Jordan*, 65 Cal. 644, 651 [4 P. 683].) Such practices, especially if unpublished and relating to a particular

department or court, are often discoverable only by inquiry among those familiar with them. ■■■ Their enforceability depends on a variety of factors—their effect on the rights of the litigants—whether they defeat the ends of justice—(*People* v. *Williams*, 32 Cal. 280; *Baxter* v. *Boston-Pacific Oil Co.*, 81 Cal.App. 187 [253 P. 185])—their reasonableness and purpose in facilitating the business of the court (*Helbush* v. *Helbush*, 209 Cal. 758 [290 P. 18])—and their relation to any statutory or constitutional provision in the same or a related field. (*Turesky* v. *Superior Court*, 97 Cal.App.2d 838 [218 P.2d 784]; *Henry* v. *Willett*, 60 Cal.App. 244 [212 P. 698]; *Conae* v. *Conae*, 109 Cal.App.2d 696 [241 P.2d 266]; *Klokke Inv. Co.* v. *Superior Court*, 39 Cal.App. 717 [179 P. 728].)

■■■■ Rule (6) is neither written, in the sense that it is included in a book or pamphlet publishing a codified list or collection of court rules available to those in the general law practice, nor unwritten, in the sense that it has never been published and is merely a practice grown out of custom or usage and circulated by word of mouth. But it does appear daily in several local legal publications at the beginning of the calendar in the law and motion department, as one of nine paragraphs consisting of a "Notice to Attorneys" advising lawyers of the manner in which business is conducted in the law and motion department; these nine paragraphs inform lawyers of where, when and in what manner their law and motion matters will be disposed. Rule (6) has never been submitted to, or promulgated by, the judges of the superior court as part of the local Rules for the Superior Court of Los Angeles County nor filed with, submitted to or adopted by the Judicial Council. It consists simply of a practice followed by the judge presiding in the law and motion department to expedite hearings, facilitate court business and more effectively dispose of the increasing volume of law and motion matters presented daily.

Neither the Rules of the Superior Court of Los Angeles County nor the Rules adopted by the Judicial Council for Superior Courts contain any limitation similar to rule (6); on the contrary, rule 9, Rules of the Superior Court of Los Angeles County, permits filing of counteraffidavits up to and even at the time a motion is heard, and provides that "*Upon* the hearing of any motion, all *affidavits* and other papers used by either party not already on file shall be filed by the clerk" (emphasis added); and, section 437c, Code of Civil Procedure, relating to motions for summary judgment, imposes no limit

on the right of the opposing party to affidavits filed prior to or at the time of hearing.

In consideration of the language of rule (6), rule 9, (Rules of the Superior Court of Los Angeles), and section 437c, Code of Civil Procedure, the nature and function of the summary judgment remedy, and the importance of counteraffidavits on such a motion; and in recognition of the general principle that rules of court are designed primarily to accomplish the ends of justice, protect rights, serve the convenience of litigants and implement the substantive law, we are persuaded that strict adherence to rule (6), as applied to motions for summary judgment, is irreconcilable with the provisions of section 437c, Code of Civil Procedure, regulating summary judgments, and adds to the procedural requirements established by the statute; and as applied in the case at bar, arbitrarily deprived the defendant (the opposing party in the motion for summary judgment) of his day in court.

██ Summary judgment is of purely statutory creation (*Wilson* v. *Wilson*, 54 Cal.2d 264 [5 Cal.Rptr. 317, 352 P.2d 725]) designed to avoid the delay and expense of trial and facilitate its proper disposition if an action has no merit or if there is no defense to the cause. ██ Although clearly falling in the discretion of the lower court, "The procedure is drastic" (*Eagle Oil & Refining Co.* v. *Prentice*, 19 Cal.2d 553 [122 P.2d 264]), and caution must be used in its application to protect the rights of the parties. Under section 437c, Code of Civil Procedure, if a plaintiff claims there is no defense to the action, on his motion "after notice of the time and place thereof in writing served on the other party at least 10 days before such motion, supported by affidavit," the answer of defendant may be stricken out and judgment entered, in the discretion of the court unless the defendant "by affidavit or affidavits shall show such facts as may be deemed by the judge hearing the motion sufficient to present a triable issue of fact."

Section 437c is silent concerning the time within which counteraffidavits must be filed, however it expressly provides for at least a 10-day notice to be given by the movant which obviously allows the adverse party at any time during that period, up to and including the actual hearing, to file counteraffidavits for the court's consideration; indeed nothing in the statute limits his right to affidavits showing facts sufficient to present a triable issue filed prior to the time of the hearing. The reasonableness of this lack of limitation on the filing of

affidavits by an adverse party is borne out by the very nature of the summary judgment remedy.

▉▉▉ The procedure furnishes a method to compel the party whose cause is attacked to make some disclosure of the kind of proof he intends to present on the trial. ▉▉▉ The purpose of the motion is to determine if there exists a triable issue of fact; and inasmuch as the object is to discover proof and not to challenge the sufficiency of the pleadings, the adverse party must, if he seeks to sustain his claim of a triable issue and save his cause or defense for trial on the merits, file opposing affidavits containing evidentiary statements. (*Coyne* v. *Krempels,* 36 Cal.2d 257 [223 P.2d 244]; *Gardner* v. *Jonathan Club,* 35 Cal.2d 343 [217 P.2d 961]; *Cone* v. *Union Oil Co.,* 129 Cal.App.2d 558 [277 P.2d 464]; *Walsh* v. *Walsh,* 18 Cal.2d 439 [116 P.2d 62]; *Kelly* v. *Liddicoat,* 35 Cal.App. 559 [96 P.2d 186].) Herein lies the importance of counter-affidavits. The procedure, not one to try the issue but to determine whether there is one to be tried (*Walsh* v. *Walsh, supra,* 18 Cal.2d 439 [116 P.2d 62]; *Poochigian* v. *Layne,* 120 Cal. App.2d 757 [261 P.2d 738]; *Family Service Agency of Santa Barbara* v. *Ames,* 166 Cal.App.2d 344 [333 P.2d 142]) can be effective only in the disclosure of facts either giving rise to a triable issue or defense or revealing none exists.

▉▉▉ Because of the unusual and drastic nature of the remedy and the importance of safeguarding the adverse party's right to a trial, the summary judgment procedure "should be used with caution in order that it may not become a substitute for existing methods in the determination of issues of fact." (*Eagle Oil & Refining Co.* v. *Prentice,* 19 Cal. 2d 553 [122 P.2d 264].) ▉▉▉ As a result, our courts have applied the procedure with care and any doubt as to the granting of a motion for summary judgment is resolved against the moving party (*Whaley* v. *Fowler,* 152 Cal.App.2d 379 [313 P.2d 97]; *Family Service Agency of Santa Barbara* v. *Ames,* 166 Cal.App.2d 344 [333 P.2d 142]); supporting affidavits are strictly construed (*Weichman* v. *Vetri,* 100 Cal. App.2d 177 [223 P.2d 288]; *Kelliher* v. *Kelliher,* 101 Cal.App. 2d 226 [225 P.2d 554]); if any question as to the propriety of the motion exists, it is denied (*Southern Pacific Co.* v. *Fish,* 166 Cal.App.2d 353 [333 P.2d 133]; *Travelers Indemnity Co.* v. *McIntosh,* 112 Cal.App.2d 177 [245 P.2d 1065]); and counteraffidavits are given liberal construction. (*Eagle Oil & Refining Co.* v. *Prentice,* 19 Cal.2d 553 [122 P.2d 264]; *McComsey* v. *Leaf,* 36 Cal.App.2d 132 [97 P.2d 242]; *Grady* v.

*Easley,* 45 Cal.App.2d 632 [114 P.2d 635] ; *Desny* v. *Wilder,* 46 Cal.2d 715 [299 P.2d 257] ; *Southern Pacific Co.* v. *Fish,* 166 Cal.App.2d 353 [333 P.2d 133].)

Inasmuch as a measure of liberality has been shown in the application of the summary judgment procedure to the end that the opposing party may not be summarily deprived of the use of the full hearing available at the trial of an action and the rights incident thereto, and inasmuch as section 437c contains no limitation on the right of the party to counter-affidavits filed prior to the time of the hearing, we conclude strict adherence to the rule of practice limiting the time within which opposing affidavits must be filed on a motion for summary judgment to the day before the hearing thereon (rule (6)), to be inconsistent and in conflict with the procedural requirements established by statutory provisions (§ 437c; *Conae* v. *Conae,* 109 Cal.App.2d 696 [241 P.2d 266] ; *Henry* v. *Willett,* 60 Cal.App. 244 [212 P. 698] ; *Butterfield* v. *Butterfield,* 1 Cal.2d 227 [34 P.2d 145]) and to deprive him of his statutory rights (*People* v. *McClellan,* 31 Cal. 101; *Dikkers* v. *Superior Court,* 88 Cal.App.2d 816 [199 P.2d 709]) ; and to the extent that it applies to motions for summary judgment, rule (6) is void and unenforceable.

Moreover, we note that rule (6) provides that affidavits not filed concurrently with a motion "should" be filed not later than noon of the day preceding the date of hearing, which seems only to import a duty or moral obligation of counsel, as an officer of the court, to conduct his affairs in the law and motion department according to the accepted practice of that court to the end that business therein may be properly expedited (*Lashley* v. *Koerber,* 26 Cal.2d 83 [156 P.2d 441]), rather than to make such filing mandatory. Neither do we find any suggestion in the rule, or otherwise, that those not conforming with the request are not entitled to be heard. However, if the term "should" is to be construed as mandatory, depriving the defaulting party of a hearing on his affidavits, then such provision as it applies to a motion for summary judgment, is void and unenforceable (*Dikkers* v. *Superior Court,* 88 Cal.App.2d 816 [199 P.2d 709]), for it cannot be reconciled with the statutory procedure governing motions for summary judgment upon which the rights of the parties must rest (*Wigman* v. *Superior Court of Los Angeles County,* 74 Cal.App. 132 [239 P. 427]), and the lower court erred in refusing permission to file the counteraffidavits. But if this language places discretion in the lower court to accept for

filing affidavits presented out of compliance with the provisions of the rule, other factors hereinbefore discussed, the reasonable explanation offered by defendant's counsel excusing his failure to comply with rule (6) and the authorities holding that where it is shown by counteraffidavits that an instrument was obtained by fraud or false representation inducing its execution, a question of fact is presented which should be determined by a trial of the merits, making summary judgment improper (*Grady* v. *Easley*, 45 Cal.App.2d 632 [114 P.2d 635]; *Slocum* v. *Nelson*, 72 Cal.App.2d 33 [163 P.2d 888]), justify a finding of abuse of discretion of the lower court in denying defendant permission to file his counteraffidavits.

 Much the same may be said in connection with the lower court's refusal to grant a continuance to permit the filing of counteraffidavits in conformity with rule (6). Liberality has been extended even to amendment of pleadings upon hearing and "If either party finds, on the hearing of such a motion, that his pleading is not adequate, either by way of allegation or denial, the court may and should permit him to amend; . . ." (*Krupp* v. *Mullen*, 120 Cal.App.2d 53, 57 [260 P.2d 629]; *Gardenswartz* v. *Equitable Life Assur. Society*, 23 Cal.App.2d Supp. 745 [68 P.2d 322].)

 We are now confronted with respondent's argument that in any event the statements in the counteraffidavits of the defendant tender no defense or triable issue. It is predicated on several theories—what respondent terms "a lack of material issue" in the proposed defense in that "there is no denial of the indebtedness and there is no showing other than conclusions of law" (respondent's brief, p. 4) (*Wilson* v. *Wilson*, 54 Cal.2d 264 [5 Cal.Rptr. 317, 352 P.2d 725]); a lack of assertion "that he (Healy) did not authorize his signature" on the alleged forged letter, thus omitting one of the essential elements he would be required to prove in charging forgery (citing [*People* v. *Weitz*, 42 Cal.2d 338 (267 P.2d 295)] [p. 5]); absence of a denial of the truth of the alleged forged letter that he owed plaintiff $600,000; that the only consideration for the execution of the two notes was a dismissal of the federal action; and that "the pretended defense is without merit." (P. 12.)

Obviously, since defendant was refused permission to file his counteraffidavits, they did not enter into the lower court's consideration in granting the motion for summary judgment; however, respondent in his brief suggests that we do not remand the cause to the lower court for further proceedings

but determine from the counteraffidavits that no triable issue exists. The nature of the summary judgment remedy, the express language of the statute (§ 437c) and its clear intent, preclude us from taking over the function of the lower court in this regard. Under section 437c the opposing party is clearly entitled to have the lower court consider his affidavits, rule on their sufficiency and determine whether a triable issue exists. It expressly provides that "in the discretion of the court" it may grant summary judgment unless the defendant "by affidavit or affidavits shall show such facts as *may be deemed by the judge hearing the motion* sufficient to present a triable issue of fact." (Emphasis added.) This language contemplates the right of the adverse party to have the "judge hearing the motion" determine if the facts set forth therein are sufficient to present a triable issue.

The summary judgment procedure is purely statutory (*Wilson* v. *Wilson, supra,* 54 Cal.2d 264 [5 Cal.Rptr. 317, 352 P.2d 725]) and can be employed only in cases where no material issue of fact is presented. (*Desny* v. *Wilder,* 46 Cal.2d 715 [299 P.2d 257]; *Eagle Oil & Refining Co.* v. *Prentice,* 19 Cal.2d 553 [122 P.2d 264].) Construed to protect the rights of the parties, section 437c requires strict compliance with its provisions. A case factually unlike the instant one but similar in theory is *Southern Pacific Co.* v. *Fish,* 166 Cal. App.2d 353 [333 P.2d 133], wherein appellant (the opposing party on the motion for summary judgment and plaintiff in the lower court) argued that it was entitled not only to a reversal of the judgment but to have this court enter judgment in its favor on the weakness of defendant movant's affidavits supporting the motion, notwithstanding that appellant not only had failed to file counteraffidavits on its own behalf in the lower court but made no motion of its own, seeking to rely entirely upon defendant's motion. Rejecting its contention on the ground that the requirements of section 437c must be met and the statute must be complied with, this court held that under a reasonable construction of the same the statutory provisions are not satisfied by appellant's reliance on respondent's motion and affidavits; that appellant must have made a motion of its own in the lower court; and under these circumstances the reviewing court is powerless to enter any judgment against respondents under this section, holding that otherwise construed section 437c would be meaningless. The court cited *Cone* v. *Union Oil Co.,* 129 Cal.App.2d 558 [277 P.2d 464]; and *Coyne* v. *Krempels,* 36 Cal.2d 257 [223

P.2d 244]. This case points up policy considerations based upon the nature and extent of the summary judgment remedy firmly established by decisions in this state.

Thus, concluding that the provisions of section 437c clearly require a determination of the sufficiency of the counteraffidavits by the judge hearing the motion, we hold that the requirements of this statute are not met if the reviewing court were to determine in the first instance if the affidavits are sufficient to present a triable issue of fact. Hence we refrain from discussing respondent's contention that the counteraffidavits contain in part only conclusions of law, are lacking in evidentiary detail and are not sufficient opposition to the motion.

The well-settled rule that the purpose of the summary judgment procedure is not to try the issue of fact (*Haumeder* v. *Lipsett*, 90 Cal.App.2d 167 [202 P.2d 819]), but to determine only whether one exists for trial on the merits (*Gale* v. *Wood*, 112 Cal.App.2d 650 [247 P.2d 67]), precludes comment on respondent's Point Two that "the consideration for the execution of the notes in this case was a dismissal of the federal action referred to in the affidavits and in appellant's brief" (p. 6), as against appellant's contention as shown by his affidavits in opposition to the motion for summary judgment "that the promissory notes sued on were obtained by fraud or false representation which induced their execution." (A.O.B. p. 9.)

In view of our conclusions we refrain from considering the remaining points raised by the parties. For the foregoing reasons the judgment is reversed and the cause remanded for further proceedings; the purported appeal from the orders denying the motion to set aside the summary judgment and denying motion to reconsider is dismissed.

Wood, P. J., and Fourt, J., concurred.