[No. F013951. Fifth Dist. Nov. 14, 1990.]

In re JEANETTE H. et al., Persons Coming Under the Juvenile Court Law.
FRESNO COUNTY DEPARTMENT OF SOCIAL SERVICES, Petitioner, v.
THE SUPERIOR COURT OF FRESNO COUNTY, Respondent; CHRISTOPHER H., SR., et al., Real Parties in Interest.

**COUNSEL**

Max E. Robinson, County Counsel, and William G. Smith, Deputy County Counsel, for Petitioner.

No appearance for Respondent.

Jose R. Villarreal, Public Defender, Nancy Owens-Cierley, Deputy Public Defender, and Joshua S. Ajaman for Real Parties in Interest.

Edward W. Hunt, District Attorney, and Houry Der Simonian, Deputy District Attorney, for Minors.

**OPINION**

**THAXTER, J.**—Does a trial court's order requiring parties to submit witness lists shortly before trial violate the limited protection accorded to attorneys' work product? This case requires examination of that question. We will conclude that the order challenged here was made within the juvenile court's inherent power to manage its calendar and fulfill its duties. We will find no abuse of discretion and will deny the petition for writ of mandate.

### SUMMARY OF PROCEEDINGS BELOW

Petitioner Fresno County Department of Social Services (the Department) initiated the underlying dependency action by petition filed on

January 10, 1990. The petition sought to have two minors, two-year-old Jeanette H. and one-year-old Christopher H., Jr., adjudged dependents of the court and removed from the custody of their parents.

The minors' mother and father, separately represented, opposed the petition. The jurisdictional hearing was set for May 21, 1990. On April 23, 1990, the father filed a motion asking the juvenile court to order an exchange of witness lists between the parties. The mother joined in the motion. The minors were not named in the motion and filed no written response. Their counsel did, however, oppose the motion at the hearing. The Department strongly opposed the motion both in writing filed before the hearing and by arguments presented at the hearing.

On May 1, 1990, the juvenile court rejected the arguments advanced in support of the motion. Nevertheless, the court granted the motion solely based on the court's inherent power to "control discovery pursuant to [California Rules of Court,[1]] Rule 1420, coupled with the need to insure not only expeditious trial setting but prompt settlement for the interest of children . . . ." The court ordered in this case, and in appropriate future cases upon motion by the parties, sealed witness lists shall be submitted by the parties to the court seven to ten days prior to trial. The lists will then be distributed to the parties at the trial readiness conference.

The Department challenged the order by filing a petition for writ of mandate and request for stay in this court. On May 11, 1990, we granted the requested stay in part and denied it in part. The parties were told to submit their respective witness lists for review by the juvenile court in compliance with the May 1 order. However, we stayed the ordered exchange of the lists between the parties. On the same date we further issued an order to show cause finding petitioner had established a prima facie case for relief and ordered the respondent to appear and show cause why relief should not be granted as requested.

The respondent juvenile court has not appeared. The father, however, filed a response opposing the petition, and the mother filed a statement joining in that response. The minors filed a response supporting the petition for writ of mandate.

DISCUSSION

## I. *Mootness*

Subsequent to our issuing the order to show cause the parents admitted the allegations of the dependency petition in the juvenile court. The parents

---

[1] All further references to rules are to California Rules of Court.

now urge us to dismiss this proceeding as moot. Although the contested matters have been resolved between the parties, the issue raised by the writ should be judicially determined. ■ An issue brought before an appellate tribunal is not moot nor subject to dismissal despite the absence of a pending controversy *if* the question to be decided is likely to recur between the same parties or others. (*In re William M.* (1970) 3 Cal.3d 16, 23-25 [89 Cal.Rptr. 33, 473 P.2d 737]; *Los Angeles County Dept. of Children's Services v. Superior Court* (1988) 200 Cal.App.3d 505, 507, fn. 1 [246 Cal.Rptr. 150].) Welfare and Institutions Code section 300 proceedings anticipate more than one contested hearing. It is entirely possible, indeed highly probable, the same controversy will arise between the same parties in this case and in future similar cases.

Furthermore, the order of the juvenile court clearly intends to establish a policy of requiring parties upon request to exchange witness lists in all appropriate cases. In view of the court's intention to establish new policy, and in order to provide guidance to the juvenile court in future matters, it is appropriate for us to decide the issues raised despite the resolution of the underlying contested matter. (See *American Mut. Liab. Ins. Co. v. Superior Court* (1974) 38 Cal.App.3d 579, 588 [113 Cal.Rptr. 561].)

II. *Abuse of Discretion*

Petitioner contends the order compelling the exchange of witness lists in contested juvenile proceedings and the policy established by the order constitute an abuse of the juvenile court's discretion and seeks review of the order by writ of mandate.

■ A petition for extraordinary relief is appropriate when the petition asserts the discovery order challenged violates a privilege against disclosure. (*BP Alaska Exploration, Inc. v. Superior Court* (1988) 199 Cal.App.3d 1240, 1249 [245 Cal.Rptr. 682]; *City of Long Beach v. Superior Court* (1976) 64 Cal.App.3d 65, 70 [134 Cal.Rptr. 468].) Because petitioner contends the ordered disclosure violates the work product doctrine, review by writ of mandate is appropriate.

A. *A List of Intended Witnesses to Be Called at Trial Is Attorney Work Product Entitled to Limited Protection.*

The main thrust of the Department's argument is that a list of intended witnesses is protected attorney work product and thus not discoverable unless the party seeking discovery shows prejudice or injustice will result without disclosure. The Department contends this burden has not been met even though the juvenile court stated it had found an "exception" to the

rule. The respondent parents claim a witness list is not attorney work product and ask us to reject the analysis of *City of Long Beach* v. *Superior Court, supra,* which expressly holds that it is.

In order to define clearly the issues raised by the parties, it is important to note that the motion below was framed as a discovery motion and the parties' arguments are framed generally as arguments in support of or in opposition to a discovery order. However, the juvenile court's rationale for its order is grounded not only in discovery principles but additionally on the inherent power of the juvenile court to ensure efficient case management and the administration of justice. We first address the discovery issue.

■ Discovery in juvenile matters rests within the control of the juvenile court. (Rule 1420.) An appellate court will reverse the exercise of discretion by a trial court only where it clearly appears an abuse of discretion has occurred. However, discretion is not unlimited. The discretion of a trial court is subject to the limitations of the legal principles governing its action. (*Westside Community for Independent Living, Inc.* v. *Obledo* (1983) 33 Cal.3d 348, 355 [188 Cal.Rptr. 873, 657 P.2d 365]; *Mission Imports, Inc.* v. *Superior Court* (1982) 31 Cal.3d 921, 932 [184 Cal.Rptr. 296, 647 P.2d 1075].) Petitioner claims the court abused its discretion by ordering disclosure of privileged matters.

■ It is well settled the work product rule in California creates a qualified privilege against discovery of an attorney's general work product and an absolute privilege against discovery of an attorney's impressions, conclusions, opinions, or legal theories. (Code Civ. Proc.,[2] § 2018 [formerly § 2016, subd. (b)]; *American Mut. Liab. Ins. Co.* v. *Superior Court, supra*, 38 Cal.App.3d at p. 594.) Section 2018 provides as follows: "(a) It is the policy of the state to: (1) preserve the rights of attorneys to prepare cases for trial with that degree of privacy necessary to encourage them to prepare their cases thoroughly and to investigate not only the favorable but the unfavorable aspects of those cases; and (2) to prevent attorneys from taking undue advantage of their adversary's industry and efforts.

"(b) Subject to subdivision (c), the work product of an attorney is not discoverable unless the court determines that denial of discovery will unfairly prejudice the party seeking discovery in preparing that party's claim or defense or will result in an injustice.

"(c) Any writing that reflects an attorney's impressions, conclusions, opinions, or legal research or theories shall not be discoverable under any circumstances.

---

[2] All statutory references are to the Code of Civil Procedure unless otherwise indicated.

"(d) This section is intended to be a restatement of existing law relating to protection of work product. It is not intended to expand or reduce the extent to which work product is discoverable under existing law in any action. . . ."

The statute does not define "work product" and the determination of what is "work product" must be made by individual courts on a case-by-case basis. (*City of Long Beach* v. *Superior Court, supra*, 64 Cal.App.3d at p. 71.) There is some guidance in the reported decisions. The United States Supreme Court stated in *Hickman* v. *Taylor* (1947) 329 U.S. 495, 511 [91 L.Ed.451, 462, 67 S.Ct. 385]: "Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference. . . . This work is reflected . . . in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways . . . ." It is this preparation by an attorney which the Supreme Court has identified as "work product."

In California, courts have identified attorney work product as material which is derivative in character, not ultimate facts but material compiled by the attorney in preparation of his or her case. (*Mack* v. *Superior Court* (1968) 259 Cal.App.2d 7, 10 [66 Cal.Rptr. 280].) ▮ One appellate court has expressly held a list of intended witnesses is derivative in nature and thus is protected attorney work product during the discovery state of litigation. (*City of Long Beach* v. *Superior Court, supra*, 64 Cal.App.3d at p. 73.)

The parents ask us to reject the reasoning of the *City of Long Beach* court. However, our review of the case leads us to conclude the opinion is well reasoned and based on a sound review of the law regarding attorney work product nationwide, including federal court decisions. The decision recognizes the exact witnesses an attorney may call at trial depends on what the attorney considers to be important and relevant facts. The decision to call or not to call a witness is made after consideration of the strengths and weaknesses of a case and the legal theory chosen by the attorney. Selection of the witnesses through whom the attorney wishes to present his or her case is an intimate part of the attorney's mental processes. (64 Cal.App.3d at pp. 72-73.)

The many authorities and works cited by the court in *City of Long Beach* confirm that the great weight of authority holds the disclosure of witness lists should not be compelled during discovery. The *City of Long Beach* court also notes the legitimate interests and purposes of discovery are amply protected by allowing an adverse party to seek and compel disclosure of all

persons with knowledge of facts relevant to the lawsuit. This same interest is protected under the governing juvenile court rules. (See rule 1420.) Accordingly, all parties to the instant proceeding had access to the names of those persons who had knowledge of the relevant facts by way of the disclosure of all the investigative materials compiled by the Department. The evaluation of each witness's potential testimony is part of the preparation process.

Thus, we agree with the analysis and conclusion reached in *City of Long Beach* and adopt them as our own.

■ The work product doctrine's statutory source does not bar application in juvenile matters. (§ 2018.) The parents cite *Joe Z.* v. *Superior Court* (1970) 3 Cal.3d 797 [91 Cal.Rptr. 594, 478 P.2d 26] for the proposition that general civil discovery rules are not generally applicable to juvenile matters. However, *Joe Z.* does not discuss the attorney work product doctrine nor does it hold civil discovery rules are never applicable in juvenile matters. *Joe Z.* involved a quasi-criminal proceeding brought under Welfare and Institutions Code section 602, while this case, arising under Welfare and Institutions Code section 300, is civil in nature. Moreover, the work product doctrine source is not limited to discovery statutes. It is founded in case law as well. (*Hickman* v. *Taylor, supra,* 329 U.S. 435.)

The discovery rules governing juvenile proceedings do not assist the parties. Nothing in the language of the discovery rules for juvenile court permits compelled disclosure of witness lists during discovery. (Rule 1420.) In addition, while expressly favoring liberal construction with a goal of informal disclosure, the rule acknowledges the application of recognized privileges. (Rule 1420(g).)

The juvenile court, explaining its order, stated the need to expedite trial setting and avoid delay empowered it to find an "exception" to the work product rule. However, section 2018 lifts the privilege against disclosure *only* when there is a showing of prejudice to the party seeking disclosure or a showing that injustice will result if disclosure is not compelled. These are the only two "exceptions" to the work product rule identified by the statute, and we know of no authority creating additional "exceptions." While unnecessary delay may indeed lead to injustice in juvenile cases, the record does not reveal how disclosure of intended witnesses during discovery would prevent injustice. Therefore under the statute, compelled disclosure of the lists during discovery is precluded.

We turn now to address whether the juvenile court's order is nonetheless justified under the court's inherent authority to manage its calendar.

### B. *Compelled Disclosure of Witness Lists Is Justified by the Court's Administrative Power.*

■ Although the juvenile court justified its ordered disclosure in part by the rules and principles governing discovery, it also justified its order under the court's inherent power to manage its cases and its duty to ensure expeditious proceedings in juvenile matters. In explaining the rationale for her order, the juvenile court referee said: "This Court's overwhelming concern and its primary concern and, in fact, its statutorily mandated concern is the best interest of children. There is an increasing awareness by all parties involved in Juvenile Court law, and this awareness is manifested by statutory amendments, that delays in these proceedings are countered [*sic*] to the best interest of the children, and that's what this Court is required to address. Improper time estimates, lack of timely preparation and an inability because of that lack of preparation to settle these cases in an efficient manner runs squarely counter to the best interest of the child.

". . . . . . . . . . . . . . . . . ."

"If any case that is going to trial or is proceeding to trial is assessed once a request has been filed for a reciprocal exchange of witnesses, not only does the Court have more information available to it to satisfy its statutory mandate to handle expeditiously the business of the Juvenile Court, the parties can assess the viability of settlement options, they can assess possibly in that early review the strength or weaknesses of their own case . . . ."

■ The power inherent in courts to develop rules of procedure aimed at facilitating the administration of justice is well recognized and confirmed by statute. (Gov. Code, § 68070; *Joe Z.* v. *Superior Court, supra*, 3 Cal.3d at pp. 801-802; *People* v. *Jordan* (1884) 65 Cal. 644, 647 [4 P. 683].) In addition, the Judicial Council has the authority to promulgate procedural rules for the courts. These rules are valid and have the force of positive law so long as they do not conflict with constitutional or legislative provisions. (*Albermont Petroleum, Ltd.* v. *Cunningham* (1960) 186 Cal.App.2d 84, 89 [9 Cal.Rptr. 405].) Rule 981 provides the method by which such local rules are to be adopted. It is undisputed the juvenile court below did not invoke the procedures set forth in rule 981 before announcing its order.

In addition to formal rules, however, part of court procedure is the informal practice or usage, written or unwritten, which evolves from local custom or policy. These informal policies are authorized under the court's implied power to expedite hearings, facilitate court business and fulfill more effectively the duty imposed upon it. (§ 187; *Albermont Petroleum, Ltd.* v. *Cunningham, supra*, 186 Cal.App.2d at pp. 89-90; *People* v. *Jordan, supra*,

at p. 647; *Weissman* v. *Lakewood Water & Power Co.* (1959) 173 Cal.App.2d 652, 657 [343 P.2d 776].) These informal court-established rules are equally enforceable so long as they are reasonable and do not conflict with legislative enactments or rules promulgated by the Judicial Council. (*Albermont Petroleum, Ltd.* v. *Cunningham, supra,* 186 Cal.App.2d at p. 89.)

 As we view it, the issue here is whether the juvenile court's order was a reasonable exercise of its administrative power even though it apparently conflicts with the work product protection for witness lists. Before addressing that issue we think it important to emphasize two points concerning the work product protection for witness lists. First, the protection is qualified rather than absolute. (*City of Long Beach* v. *Superior Court, supra,* 64 Cal.App.3d at p. 79.) Second, by their very nature witness lists, unlike other forms of work product, will ultimately be disclosed at trial, if not before. These factors are important in determining if a court policy requiring disclosure shortly before trial is reasonable.

The compelled mutual exchange of witness lists has been utilized in federal pretrial procedure as a reasonable method to force adequate preparation by counsel before trial and to apprise the court of the complexity of the case to be tried. (See Local Rules for the Eastern District of California, rule 281, Local Rules for the Northern District of California, rule 235-7(i); Local Rules for the Central District of California, rule 9.4.5; and Local Rules of the Southern District of California, rule 235-4(c)(2)(ii).) The federal cases do not explain why the work product rule prevents compelled disclosure during discovery but not at a pretrial conference, although the distinction between the two stages of litigation is widely acknowledged. (See *Brock* v. *R.J. Auto Parts and Service, Inc.* (10th Cir. 1988) 864 F.2d 677, 679; *Brennan* v. *Engineered Products, Inc.* (8th Cir. 1974) 506 F.2d 299, 303, fn. 2.)

In federal courts the pretrial conference is clearly a tool by which the case is narrowly focused for trial and by which all parties and the court are apprised of the complexity and breadth of the litigation. The parties must set forth their theories, the law upon which they rely, their evidence, exhibits and witnesses, and they must identify all areas of agreement and disagreement remaining between the parties on relevant issues. (See Fed. Rules Civ.Proc., rule 16, and Local Rules cited above.) Disclosure by the parties in these areas allows for accurate calendaring and efficient use of court time—laudable goals, certainly within the duty of courts charged with the administration of justice. (See *Gardner* v. *Safeway Stores* (D.Kan. 1983) 99 F.R.D. 258, 260.)

In California courts, the use of compelled disclosure of witness lists as a pretrial tool to improve court efficiency may be less prevalent than in the

federal system. Rule 212(a) provides for pretrial conferences in some, but not all, superior court cases. The rule neither expressly permits nor prohibits an order for disclosure of witness lists. Rule 220(b) prohibits the compelled discovery of *evidence or exhibits* during a trial setting conference in superior court but again does not expressly deal with the subject before us. The authority cited to the juvenile court in support of the motion, Weil and Brown, California Practice Guide: Civil Procedure Before Trial (Rutter 1990) sections 8:84-8:88, 8:243-8:244, states that some superior courts have local rules or policies requiring the exchange of witness lists shortly before trial. Although Weil and Brown questions the validity of such requirement in light of the apparent conflict with the work product doctrine, we know of no case deciding the issue.

In municipal and justice courts, on the other hand, either party is allowed to serve a request for a list of witnesses to be called by the other side. Witnesses not identified in the response to such a request may not testify at trial. (§ 96, subd. (a).) The request may be made no more than 45 days and no less than 30 days before trial. (§ 96, subd. (b).) This statute is some indication that the Legislature views disclosure of witnesses shortly before trial as not violating the work product doctrine.

Juvenile courts are required to "control all proceedings with a view to the expeditious and effective ascertainment of the jurisdictional facts and of all information relevant to the present condition and welfare of the child." (Rule 1412(a).) The juvenile court rules encourage the informal exchange of information between the parties and create an affirmative duty to disclose favorable evidence. (Rule 1420(a), (c).) The court is instructed under the rules to give substantial weight to the juvenile's need for stability and prompt resolution of custody status. (Rule 1412(j)(1).) The need for expeditious handling of juvenile matters is thus recognized and statutorily mandated. However, the rules are silent with respect to pretrial disclosure of witness lists or exhibits.

The rationale underpinning the work product doctrine does not preclude an ordered exchange of witness lists shortly before trial. The work product rule is intended to encourage thorough preparation for trial and to prevent one attorney from taking advantage of another's industry and effort. (§ 2018, subd. (a).) The exchange of witness lists in a trial setting conference, as opposed to during discovery, does not frustrate those goals. If pretrial disclosure in municipal court does not violate the attorney work product doctrine, we do not see how it can do so in juvenile court.

Furthermore, *City of Long Beach, supra*, 64 Cal.App.3d 65, does not preclude an exchange at the trial setting conference. The decision dealt only

with a challenge to compelled disclosure *during discovery*. It did not hold disclosure at a trial setting conference would violate the privilege. Although the court noted in footnote 5 at page 77 the distinction between the attitude towards pretrial conferences in federal courts as opposed to California courts,[3] it did not consider the unique concerns facing a juvenile court, nor did it address the recent trends of courts facing unbearable case loads to find ways to streamline efficiency. (See, e.g., Gov. Code, § 68601.)

The court's order does not conflict with any legislative enactment, constitutional provision or existing rule of court. We believe the order was a reasonable effort by the juvenile court referee to manage the court's calendar efficiently. Under the juvenile court's inherent power, the informal adoption of a policy requiring the mutual exchange of witnesses in appropriate cases is justified even in the absence of a more formal rule.[4] The court below did not abuse its discretion.

Our holding here does not extend to quasi-criminal juvenile court proceedings arising under section 601 et seq. of the Welfare and Institutions Code. An order to disclose witnesses in such cases may implicate the minor's Fifth Amendment rights and may be affected by Penal Code section 1054.3, recently codified by the passage of Proposition 115. Because issues peculiar to quasi-criminal proceedings are not before us, we do not decide them.

The petition is denied. The stay previously issued by this court is vacated. Each party shall bear its own costs on appeal.

Best, P. J., and Martin, J., concurred.

---

[3] The California rule of court cited by the *City of Long Beach* court (rule 211(e)) has been repealed. The former rule specifically forbade the compelled disclosure of witnesses at a pretrial conference. A similar proscription was *not* included in the new Rules of Court adopted in January 1985.

[4] Notwithstanding our approval of the court's informal adoption of policy, we encourage the juvenile court to pursue the formal process of adopting local rules as provided for in rule 981.