Carolyn C. GARDNER, Plaintiff,

v.

SAFEWAY STORES, INCORPORATED,
et al., Defendants.

No. 81–4203.

United States District Court,
D. Kansas.

March 18, 1983.

Joanna V. Billingsley, Fred W. Phelps, Jr., Topeka, Kan., for plaintiff.

Kahrs, Nelson, Fanning, Hite & Kellogg, Alan L. Rupe, Arthur S. Chalmers, Wichita, Kan., for defendants.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This is an employment discrimination action. This matter is presently before the court upon defendants' motion to strike plaintiff's supplemental witness and exhibit list and portions of plaintiff's original witness and exhibit list. The court finds that oral argument is unnecessary and is now prepared to rule.

The pertinent facts for this motion are as follows: On August 5, 1982, a discovery conference was held before Magistrate Van Bebber. The discovery conference order included the following language:

> Witnesses and exhibits: Counsel will exchange proposed exhibits and lists of witnesses, together with their addresses, and shall file with the clerk, lists of proposed witnesses by October 8, 1982. Witnesses and exhibits listed by one party may be called or offered by the other party. All exhibits shall be marked by the clerk prior to trial. Witnesses and exhibits not exchanged and filed as required by this Order shall not be permitted to testify or to be received in evidence, respectively, except by agreement of counsel or upon Order of the Court, or upon proper rebuttal.

On October 8, 1982, plaintiff filed her witness and exhibit list. Thereafter, a final pretrial conference was held on December 13, 1982. At this conference, defendants' counsel objected to plaintiff's generic and broad category listing of certain witnesses and exhibits. Magistrate Van Bebber acknowledged that many of the plaintiff's listings were too broad-based to comply with his previous order and offered the parties the opportunity to supplement their proposed witness and exhibit lists. The following language was included in the final pretrial order:

> Counsel have exchanged lists of proposed witnesses and exhibits. The parties shall have until January 14, 1983, in which to supplement those lists. Witnesses and exhibits listed by one party may be called or offered by another party. All exhibits shall be marked by the clerk prior to trial. Witnesses and exhibits not exchanged and filed as required by this Order shall not be permitted to testify or be received in evidence, respectively, except by agreement by counsel or upon Order of the Court, or in proper rebuttal.

Subsequently, supplemental lists were filed by both the plaintiff and the defendants. On February 23, 1983, defendants filed the instant motion.

In this motion, defendants seek to strike plaintiff's supplemental witness and exhibit list and portions of plaintiff's original witness and exhibit list for plaintiff's failure to specifically identify what exhibits and witnesses plaintiff proposes to introduce at trial. Defendants contend that plaintiff's lack of specificity is inconsistent with the purpose of both the Federal Rules of Civil Procedure and the orders of Magistrate Van Bebber. Plaintiff contends, in response, that a court is not authorized to in any way limit or restrict a party's right to list witnesses. Further, plaintiff contends that defendants are not prejudiced by the lack of specificity because defendants know who the individuals generally named are and, if they don't, they may pursue discovery on this point. Finally, plaintiff argues that it is quite proper for her to simply list "all witnesses identified in" other pending cases involving defendant Safeway Stores, Inc.

■ Rule 16 of the Federal Rules of Civil Procedure authorizes district courts to hold pretrial conferences designed to aid in the disposition of cases, and enter orders subsequent thereto which "control ... the subsequent course of the action unless modified at trial to prevent manifest injustice." The purpose of a pretrial order under Rule 16 is to insure the economical and efficient trial of every case on its merits without chance

or surprise. *Smith v. Ford Motor Co.,* 626 F.2d 784, 795 (10th Cir.1980), *cert. denied,* 450 U.S. 918, 101 S.Ct. 1363, 67 L.Ed.2d 344 (1981). It "measures the dimensions of the lawsuit, both in the trial court and on appeal." *American Home Assurance Co. v. Cessna Aircraft Co.,* 551 F.2d 804, 806 (10th Cir.1977), *quoting, Hodgson v. Humphries,* 454 F.2d 1279, 1281 (10th Cir.1972). A further explanation of the pretrial order and the sanctions that may be imposed upon a party for failure to comply with it is contained in 6 Wright & Miller, *Federal Practice and Procedure: Civil* § 1526, as follows:

> The pretrial order "controls the subsequent course of the action," and the trial court need not consider any matter that is not embodied in it. *If the order is one that requires the attorney to file statements, witness lists, or lists of evidence, a party charged with failing to comply carries the burden of showing that he in fact met his obligations under the order. Should he be unable to do so, various sanctions may be imposed.* If the party in default subsequently is successful in the suit, the court may deny costs for any of his witnesses whose testimony was not within the scope of the order. If an instruction was given on an issue not embodied in the pretrial order or a surprise witness is called, a mistrial may be ordered or the suit reopened with costs taxed to the offending party. Furthermore, a defense may be stricken or evidence excluded if a party fails to supply information requested by a pretrial order; indeed, the court may dismiss the entire action for failure to comply with its order. Because of its extremely harsh effects, the last sanction should be invoked only when a good reason for using it is shown. (emphasis added)

In this district, arrangements are made during pretrial proceedings for the identification of all documentary evidence and witnesses to be used at trial. The court believes these procedures require *candid* and *complete* disclosure of both potential exhibits and witnesses. The rationale for such a requirement is obvious—to avoid surprise at the time of trial. Thus, the court agrees with the defendants that the plaintiff's original and supplemental list of exhibits and witnesses is deficient for lack of specificity. We find no merit to the arguments raised by the plaintiff. However, the sanction requested by the defendants appears at this point to be too harsh and thus we shall deny defendants' motion. Nonetheless, the court does acknowledge, as set out above, that such a sanction could be invoked. The court shall allow the plaintiff to file yet another supplemental list which specifically identifies each potential witness with his/her name and address and each exhibit with an appropriate description of that exhibit. Failure to comply with this order will result in the exclusion of that evidence at time of trial.

IT IS SO ORDERED.